IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Defendant. | No. C06-06644 MJJ<br><br>**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S RULE 11 REQUEST FOR SANCTIONS** |

### INTRODUCTION

Before the Court are two motions: (1) Defendant Superior Court of California Santa Clara County's motion to dismiss (Docket No. 7) and (2) Plaintiff Howard Herships' motion for sanctions premised on Rule 11 (Docket No. 12).

For the following reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for sanctions.

### FACTUAL BACKGROUND

On October 25, 2006, Plaintiff Howard Herships filed a Section 1983 action against a sole defendant – the Superior Court of California, County of Santa Clara – alleging that his constitutional rights are being violated in connection with a pending criminal action against him in that court. (Plaintiff's Amended Complaint ¶¶ 3-12.) Plaintiff asserts that, due to indigence, he is unable to secure witnesses, obtain appointment of an expert witness, or obtain a reporter's transcript in connection with presenting his defense in the state court criminal action. (Plaintiff's Amended

Complaint ¶¶ 7, 8, 10, 15, 16.) Plaintiff seeks a decree that Defendant violated his federal constitutional rights by denying him assistance in preparing his defense, prays for an injunction requiring the Superior Court to provide him with a private investigator and expert witness, and further requests an order vacating a small claims case currently pending in state court in which he is a litigant.

On December 8, 2006, Defendant filed a motion to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). Defendant asserts that Plaintiff's claim must be dismissed on several independent grounds, including: (1) Eleventh Amendment immunity, (2) judicial immunity, (3) the *Rooker-Feldman* doctrine, and (4) that the Superior Court is not a "person" under Section 1983. Defendant also asserts that this Court should decline to exercise jurisdiction in this case under the *Younger* abstention doctrine.

On January 5, 2007, Plaintiff filed a motion for sanction pursuant to Rule 11. Specifically, Plaintiff asserts that Rule 11 sanctions are justified because Defendant's motion to dismiss misrepresents and misstates the controlling Supreme Court precedent regarding a plaintiff's right to seek injunctive relief against a state court.

**LEGAL STANDARD**

**I.     Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d

2

1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**II.    Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege

3

sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### C.    Rule 11 Sanctions

Rule 11(b)(2) provides, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . .

Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

## ANALYSIS

### A.    Eleventh Amendment Immunity Bars Plaintiff's Suit Against This Defendant.

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. Controlling Ninth Circuit precedent has determined that the sole defendant in this action, the Superior Court of California, is a state agency. In *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.32d 1103, 110 (9th Cir. 1987), the Ninth Circuit determined:

> state case law and constitutional provisions make clear that the [Superior] Court is a State agency. The official name of the court is

4

> the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State. Judges are appointed by California's governor, and their salaries are established and paid by the State. We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment.

*Id.* at 1110 (citations omitted). The Ninth Circuit further held that "[s]ince the eleventh amendment by its terms bars suits against a state "in law or equity," our holding necessarily applies also to plaintiffs' claims against the Superior Court for injunctive and declaratory relief." *Id.* at 1110 n. 10; *see also Franceschi v. Schwarz*, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is an arm of state protected by Eleventh Amendment immunity from § 1983 action).

Plaintiff contends that Defendant's assertion of Eleventh Amendment immunity is "patently frivolous" because such immunity would render the Civil Rights Act of 1871, which was enacted after the Civil War to stop illegal acts under color of state law, meaningless. However, Plaintiff cites nothing other than the language of Section 1983 in support of this contention. This Court is bound by the United States Supreme Court's determination that the section of the Civil Rights Act of 1871 which creates a cause of action for deprivation of civil rights under color of law did not abrogate the Eleventh Amendment immunity of the states. *Quern v. Jordan*, 440 U.S. 332, 338-341 (1979).

Accordingly, Eleventh Amendment immunity requires that Plaintiff's claims against the Superior Court of California, County of Santa Clara be dismissed with prejudice. The Court will not reach the alternative grounds for dismissal asserted by Defendant.

### B. Leave To Amend Is Appropriate.

The Court finds that Plaintiff should be granted further leave to amend his Amended Complaint. Here, Plaintiff indicated at oral argument that he is prepared to file a second amended complaint that adds new factual allegations and new parties. Rule 15(a) instructs the Court that "leave shall be freely granted when justice so requires." Moreover, "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Though the Court is concerned

5

that Eleventh Amendment immunity,[1] the *Younger* abstention doctrine, and/or the *Rooker-Feldman* doctrine (all raised by Defendant's motion to dismiss) may well render such amendment futile, the Court will permit Plaintiff to file one further amended complaint before resolving such issues.

### C. Plaintiff's Request For Rule 11 Sanctions Is Denied.

Plaintiff seeks Rule 11 sanctions on the grounds that Defendant's motion to dismiss "assert[s] a position in law contrary to U.S. Supreme Court controlling law." However, as discussed above, Defendant's motion to dismiss is meritorious. Moreover, Plaintiff's request for sanctions is largely based on prior Supreme Court decisions in *Pulliam v. Allen*, 466 U.S. 522 (1984) and *Mitchum v. Foster*, 407 U.S. 225 (1972). However, the portions of these two decisions cited by Plaintiff, discussing the application of judicial immunity to Section 1983 actions, were subsequently abrogated in 1996 by enactment of the Federal Courts Improvement Act. Accordingly, the Court denies Plaintiff's Rule 11 sanctions request.

### CONCLUSION

For the foregoing reasons, Defendants' Motion To Dismiss (Docket No. 7) is **GRANTED**. Plaintiff's motion for sanctions (Docket No. 12) is **DENIED**. Plaintiff's Section 1983 claim against defendant Superior Court of California, County of Santa Clara is **DISMISSED WITH PREJUDICE**. Plaintiff has twenty (20) days from the date of this order to file a Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: 3/13/2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] As Defendant concedes (Motion To Dismiss at 4 n.1), Eleventh Amendment immunity would not necessarily prevent Plaintiff from obtaining prospective declaratory or injunctive relief against different defendants – such state officials acting in their official capacity – if such officials have a direct connection with enforcement of the allegedly unconstitutional act.

6