1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   HOWARD HERSHIPS,                          No. C06-06644 MJJ
12              Plaintiff,                      **ORDER GRANTING DEFENDANT
                                                SUPERIOR COURT OF CALIFORNIA'S
13     v.                                       MOTION TO DISMISS AND DENYING
                                                PLAINTIFF'S MOTION FOR
14   SUPERIOR COURT OF CALIFORNIA,             SANCTIONS**
15              Defendant.
                                    /
16
17                              **INTRODUCTION**
18         Before the Court are two motions: (1) Defendant Superior Court of California, Santa Clara
19   County's Motion To Dismiss Plaintiff's Second Amended Complaint (Docket No. 30), and (2)
20   Plaintiff Howard Herships' Motion For Sanction Pursuant To Rule 11 Federal Rules of Civil
21   Procedure (Docket No. 35.)
22         For the following reasons, the Court **GRANTS** the motion to dismiss and **DENIES**
23   Plaintiff's motion for sanctions.
24                          **FACTUAL BACKGROUND**
25         On October 25, 2006, Plaintiff Howard Herships filed a Section 1983 action against a sole
26   defendant – the Superior Court of California, County of Santa Clara – alleging that his
27   constitutional rights are being violated in connection with a pending criminal action against him in
28   that court.  (Plaintiff's Amended Complaint ¶¶ 3-12.)  Plaintiff asserts that, due to indigence, he is
     unable to secure witnesses, obtain appointment of an expert witness, or obtain a reporter's transcript

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   in connection with presenting his defense in the state court criminal action.  (Plaintiff's Amended

2   Complaint ¶¶ 7, 8, 10, 15, 16.)  Plaintiff seeks a decree that Defendant violated his federal

3   constitutional rights by denying him assistance in preparing his defense, prays for an injunction

4   requiring the Superior Court to provide him with a private investigator and expert witness, and

5   further requests an order vacating a small claims case currently pending in state court in which he is

6   a litigant.

7        On December 8, 2006, Defendant Superior Court of California, County of Santa Clara

8   ("Superior Court") filed a motion to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6).

9   On March 13, 2007, this Court dismissed Plaintiff's claims against the Superior Court as barred by

10  Eleventh Amendment immunity, but granted Plaintiff leave to amend his complaint based on his

11  representation at oral argument that he intended to allege new factual allegations add new parties.

12  (Docket No. 22.)

13       On April 9, 2007, Plaintiff filed an amended complaint which again asserts Section 1983

14  claims against the Superior Court, as well as seven new individual defendants.[1]  Plaintiff's amended

15  complaint also seeks a preliminary injunctive relief against the Superior Court as was accompanied

16  by a memorandum of points and authorities in support of that request.  (Docket Nos. 23 & 24.)

17       On April 19, 2007, the Superior Court filed a motion to dismiss Plaintiff's claims against it

18  on multiple grounds, including: (1) Eleventh Amendment immunity, (2) judicial immunity, (3) the

19  *Rooker-Feldman* doctrine, and (4) that the Superior Court is not a "person" under Section 1983.  The

20  Superior Court also asserts that this Court should decline to exercise jurisdiction in this case under

21  the *Younger* abstention doctrine.  (Docket No. 30.)

22       On May 17, 2007, Plaintiff filed a motion for Rule 11 sanctions, alleging that the Superior

23  Court's motion to dismiss contains deliberate misrepresentations and unsupported statements of the

24  law.  (Docket No. 35.)  Plaintiff's sanctions motion is not signed by Plaintiff, who is proceeding *pro*

25

26       [1] These individual defendants are Maxnilian Zarzana, Pinaki Chatkravort, Steven Todd Kirsch,
    David Dupperrault, Gerald Sorenson, Carlos De Santiago, and John Everding.  The Court's files indicate
27  that none of these individual defendants have yet been served with process or appeared in this action.
    Plaintiff is hereby reminded that, pursuant to Federal Rule of Civil Procedure 4(m), claims against any
28  defendant not served with process within 120 days of the filing of Plaintiff's amended complaint are
    subject to dismissal by the Court on its own initiative.

1    *se.*

2    **LEGAL STANDARD**

3    **I.        Rule 12(b)(1)**

4                Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to

5    dismiss a claim for lack of subject matter jurisdiction.  Federal courts are courts of limited

6    jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's

7    jurisdiction bears the burden of proving that subject matter jurisdiction exists.  *See Kokkonen v.*

8    *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A party challenging the court's jurisdiction under

9    Rule 12(b)(1) may do so by raising either a facial attack or a factual attack.  *See White v. Lee*, 227

10   F.3d 1214, 1242 (9th Cir. 2000).

11               A facial attack is one where "the challenger asserts that the allegations contained in a

12   complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v.*

13   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In evaluating a facial attack to jurisdiction, the Court

14   must accept the factual allegations in plaintiff's complaint as true.  *See Miranda v. Reno*, 238 F.3d

15   1156, 1157 n. 1 (9th Cir. 2001).  For a factual attack, in contrast, the Court may consider extrinsic

16   evidence.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987).  Further, the court does

17   not have to assume the truthfulness of the allegations, and may resolve any factual disputes.  *See*

18   *White*, 227 F.3d at 1242.  Thus,  "[o]nce the moving party has converted the motion to dismiss into a

19   factual motion by presenting affidavits or evidence properly before the court, the party opposing the

20   motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing

21   subject matter jurisdiction."  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.

22   2003).

23                In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-

24   question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327

25   U.S. 678 [] (1946)."  *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see*

26   *Safe Air for Everyone*, 373 F.3d at 1039.  The *Bell* standard provides that jurisdictional dismissals

27   are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to

28   be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit

2    has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the

3    jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is

4    dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d

5    at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides

6    the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive

7    claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

8    **II.    Rule 12(b)(6)**

9            A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

10   Procedure tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

11   2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the

12   substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See*

13   *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is

14   proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege

15   sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan*

16   *of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699

17   (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

18   Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set

19   of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In

20   considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the

21   complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v.*

22   *United States*, 234 F.3d 428, 435 (9th Cir. 2000).

23   **C.    Rule 11 Sanctions**

24   Rule 11(b)(2) provides, in relevant part:

25          By presenting to the court (whether by signing, filing, submitting, or
             later advocating) a pleading, written motion, or other paper, an
26          attorney or unrepresented party is certifying that to the best of the
             person's knowledge, information, and belief, formed after an inquiry
27          reasonable under the circumstances, . . .

28          (2) the claims, defenses, and other legal contentions therein are
             warranted by existing law or by a nonfrivolous argument for the

4

United States District Court

For the Northern District of California

1    extension, modification, or reversal of existing law or the
2    establishment of new law . . .

3         Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court

4    determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction

5    upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the

6    violation."

7         Rule 11(a) also requires that "[e]very pleading, written motion, and other paper . . . if the

8    party is not represented by an attorney, shall be signed by the party."

9                                    **ANALYSIS**

10   **A.    Eleventh Amendment Immunity Bars Plaintiff's Suit Against The Superior
              Court.**

11        Plaintiff's amended complaint contains no new factual allegations that would permit him to

12   assert claims against the Superior Court.  The Eleventh Amendment bars suits which seek either

13   damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies.

14   Controlling Ninth Circuit precedent has determined that the Superior Court of California is a state

15   agency.  In *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.32d 1103, 110 (9th Cir.

16   1987), the Ninth Circuit determined:

17
18            state case law and constitutional provisions make clear that the
              [Superior] Court is a State agency.  The official name of the court is
19            the Superior Court of the State of California; its geographical location
              within any particular county cannot change the fact that the court
20            derives its power from the State and is ultimately regulated by the
              State.  Judges are appointed by California's governor, and their salaries
21            are established and paid by the State. We conclude that a suit against
              the Superior Court is a suit against the State, barred by the eleventh
              amendment.

22        *Id.* at 1110 (citations omitted).  The Ninth Circuit further held that "[s]ince the eleventh

23   amendment by its terms bars suits against a state "in law or equity," our holding necessarily applies

24   also to plaintiffs' claims against the Superior Court for injunctive and declaratory relief."  *Id.* at 1110

25   n. 10; *see also Franceschi v. Schwarz*, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court

26   is an arm of state protected by Eleventh Amendment immunity from § 1983 action).  Plaintiff's

27

28

                                          5

1    opposition does not attempt to refute the applicability of the Eleventh Amendment.[2]  Accordingly,

2    the Eleventh Amendment requires that Plaintiff's claims against the Superior Court of California,

3    County of Santa Clara be dismissed with prejudice.[3]  Plaintiff will not be permitted further leave to

4    amend to add allegations against this defendant, as any such amendment would be futile in light of

5    the immunity bar.

6            **C.    Plaintiff's Request For Rule 11 Sanctions Is Denied.**

7            Plaintiff seeks Rule 11 sanctions on the grounds that the Superior Court's motion to

8    dismiss "assert[s] a position in law contrary to U.S. Supreme Court controlling law" and contains

9    various alleged factual misstatements.   However, this Court has now found the Superior Court's

10   motion to dismiss to be meritorious.  Moreover, Plaintiff's notice of motion and  motion themselves

11   fails to comply with Rule 11 as they are not signed by Plaintiff.  For both of these reasons, the Court

12   denies Plaintiff's request for sanctions.

13                            **CONCLUSION**

14           For the foregoing reasons, the Court **GRANTS** the Superior Court's motion to dismiss

15   (Docket No. 30) and **DENIES** Plaintiff's motion for sanctions (Docket No. 35).  Plaintiff's claims

16   against defendant Superior Court of California, County of Santa Clara are **DISMISSED WITH**

17   **PREJUDICE** without leave to amend.

18           **IT IS SO ORDERED.**

19   Dated:  6/4/2007                    _____

20                                       MARTIN J. JENKINS

21                                       UNITED STATES DISTRICT JUDGE

22

23

---

24           [2] In opposition to the Superior Court's previous motion to dismiss, Plaintiff contended that the
     assertion of Eleventh Amendment immunity was "patently frivolous" because such immunity would
25   render the Civil Rights Act of 1871, which was enacted after the Civil War to stop illegal acts under
     color of state law, meaningless.  (Docket No. 13.)  However, Plaintiff citeD nothing other than the
26   language of Section 1983 in support of this contention.  This Court is bound by the United States
     Supreme Court's determination that the section of the Civil Rights Act of 1871 which creates a cause
27   of action for deprivation of civil rights under color of law did not abrogate the Eleventh Amendment
     immunity of the states.  *Quern v. Jordan*, 440 U.S. 332, 338-341 (1979).

28           [3] The Court does not reach the alternative grounds for dismissal asserted by the Superior Court.

United States District Court

For the Northern District of California