1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   KEVIN M. HAMMON, Deputy County Counsel (S.B. # 232360)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, Ninth Floor, East Wing
3  San Jose, California 95110-1770
   Telephone:  (408) 299-5900
4  Facsimile:  (408) 292-7240

5  Attorneys for Defendants
   MAXMILIAN ZARZANA, AND PINAKI
6  CHAKRAVORTY (erroneously sued
   herein as "MAXNILIAN ZARZANA" and
7  "PINAKI CHAKRAVORT")

8

9              UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  HOWARD HERSHIPS, | No.  06-CV-6644 MJJ |
| 13      Plaintiff, | **DEFENDANTS MAXMILIAN ZARZANA, AND PINAKI CHAKRAVORTY'S** |
| 14  v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SANTA** |
| 15  THE SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA | **CLARA COUNTY DEFENDANTS' MOTION TO DISMISS, OR IN THE** |
| 16  CLARA, SANTA CLARA COUNTY DEPUTY DISTRICT ATTORNEYS | **ALTERNATIVE STAY, PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 17  MAXNILIAN ZARZANA, PINAKI CHAKRAVORT, STEVEN TODD | |
| 18  KIRSCH, DAVID DUPERRAULT, | Date:          August 28, 2007 |
|     GERALD SORENSON, PALO ALTO | Time:          9:30 a.m. |
| 19  POLICE OFFICER CARLOS DE | Crtrm:         11, 19th Floor |
|     SANTIAGO, JOHN EVERDING AND | Judge:         Judge Martin J. Jenkins |
| 20  DOES 1 through 20 inclusive, | Action Filed:  October 25, 2006 |
| 21      Defendants. | |

22

23                    **I. INTRODUCTION**

24     Plaintiff Howard Herships ("Herships") may not force this Court to interfere with his

25  *ongoing* criminal proceeding in state court.  According to his complaint, Herships is *currently* a

26  criminal defendant in a state court felony case, *People v. Herships*, No. BB 517233 (2005) ("the

27  Criminal Proceeding").  (First Amended Complaint ("FAC"), ¶ 3).  Herships maintains that a

28  wide variety of defendants have conspired to file a "groundless" criminal complaint where

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.          1          06-CV-6644 MJJ

"there is no possibility of obtaining a conviction." (FAC, ¶¶ 44-45). Instead of addressing this concern in the Criminal Proceeding, Herships improperly filed the instant action.

He alleges that various witnesses, police officers, deputy district attorneys, and even the state superior court have deprived him of unspecified civil rights. (FAC, ¶¶ 17, 31, 18 32). However, Santa Clara County Deputy District Attorneys Maxmilian Zarzana and Pinaki Chakravorty ("the County Prosecutors") both enjoy absolute immunity with respect to all of the allegations made against them. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Even if the immunities were inapplicable, Herships' complaint should nevertheless be dismissed or stayed under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). This doctrine precludes Herships from seeking the requested relief in this Court while the Criminal Proceeding is pending. Accordingly, the County Prosecutors bring the instant motion to dismiss Herships' complaint as to them.

## II. STATEMENT OF ALLEGED FACTS

Herships brings three causes of action – two of which, implicate the County Prosecutors.[1] In his second cause of action, Herships alleges that Maxmilian Zarzana filed the criminal charges giving rise to the Criminal Proceeding without probable cause. (FAC, ¶ 25). Zarzana is also accused of selecting a judge whose husband had financial dealings with the victim. (FAC, ¶¶ 22, 41). Pursuant to California Penal Code section 1054.2, the state criminal court issued an order prohibiting Herships from obtaining witnesses' addresses. (FAC, ¶ 12). By seeking and abiding by this order, the County Prosecutors have allegedly violated Herships' "right to witnesses." (FAC, ¶ 12, 26-27). Allegedly, Zarzana threatened to file additional criminal charges if Herships violated the order. *Id*.

In his third cause of action, Herships alleges that the County Prosecutors participated in a conspiracy to violate his civil rights. The County Prosecutors allegedly conspired with defendant Steven Todd Kirsch ("Kirsch") to file the criminal charges giving rise to the Criminal

---

[1] In his first cause of action, Herships seeks a TRO/Preliminary Injunction requiring the court in the Criminal Proceeding to fund a private investigator. (FAC, ¶ 17).

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.         2                              06-CV-6644 MJJ

1  Proceeding. (FAC, ¶ 33). Kirsch is both the plaintiff in a civil suit filed against Herships and
2  the alleged victim in the Criminal Proceeding (wherein Herships allegedly vandalized Kirsch's
3  vehicle). (FAC, ¶¶ 14, 34).
4      The criminal charges were allegedly filed so that Kirsch could obtain an advantage in his
5  civil suit with Herships. (FAC, ¶ 37). In addition, the County Prosecutors allegedly permitted
6  and/or encouraged witnesses to make false accusations in the Criminal Proceeding. (FAC, ¶¶
7  34-35, 42, 48). The County Prosecutors allegedly accepted these false accusations, and
8  improperly charged Herships with a felony. (FAC, ¶¶ 38-39).

### III. ARGUMENT

10      Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed based
11  upon a failure to allege either a cognizable legal theory or sufficient facts under a cognizable
12  legal claim. *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). Herships has
13  alleged causes of action against the County Prosecutors under the Fourteenth Amendment and
14  42 U.S.C. Section 1983. (FAC, ¶ 1). The County Prosecutors' alleged misconduct is
15  intimately associated with the judicial phase of the criminal process. (FAC, ¶¶ 25, 44-45).
16  Accordingly, the County Prosecutors are absolutely immune from Section 1983 monetary
17  liability for this type of conduct – i.e., "initiating a prosecution and in presenting the State's
18  case." *Imbler*, 424 U.S. at 430.
19      Although the complaint may be dismissed based upon the immunities alone, it may also be
20  dismissed, or stayed in the alternative, because the Criminal Proceeding is ongoing. (FAC, ¶¶
21  3-4). *Younger*, 401 U.S. 37. Herships has improperly asked this Court to interfere with matters
22  currently at issue in the Criminal Proceeding. For example, Herships' complaint asks this Court
23  to determine whether the state's criminal action is "groundless" or whether "there is no
24  possibility of obtaining a conviction." (FAC, ¶¶ 44-45). These issues should instead be
25  determined by the state superior court, charged with overseeing the Criminal Proceeding.
26  //
27  //
28  //

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.   3   06-CV-6644 MJJ

1  **A.  The County Prosecutors Are Entitled To Absolute Immunity Because Their Alleged Misconduct Is Intimately Associated With The Judicial Phase Of The Criminal Process.**

2

Herships' complaint should be dismissed as to the County Prosecutors because their alleged misconduct is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under Section 1983." *Id.* at 431. Herships' allegations against the County Prosecutors deal with the decision to file criminal charges. For example, Herships alleges that Maxmilian Zarzana filed the criminal charges giving rise to the Criminal Proceeding without probable cause. (FAC, ¶ 25). The County Prosecutors allegedly conspired with defendant Kirsch to file the criminal charges. (FAC, ¶ 33). Finally, the County Prosecutors filed criminal charges despite allegedly false accusations from witnesses. (FAC, ¶¶ 38-39).

The County Prosecutors may not be held liable based upon any of the above allegations because each allegation pertains to the decision to file charges. The prosecutor is "absolutely immune from liability for the decision to prosecute." *Hartman v. Moore*, 547 U.S. 250, 126 S.Ct. 1695, 1705 (2006). The decision to file criminal charges is absolutely protected even if it resulted from a conspiracy or other improper motive. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("Intent should play no role in the immunity analysis"); *Lewis v. Franklin*, 2007 U.S. Dist. LEXIS 148, *12 (D. Cal. 2007) ("Absolute prosecutorial immunity also bars conspiracy claims. . .").

Deputy District Attorney Maxmilian Zarzana is also entitled to immunity for allegedly selecting a judge whose husband had financial dealings with Herships' alleged victim. (FAC ¶¶ 22, 41). "[A] conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman*, 793 F.2d at 1078. Accordingly, Zarzana may not be held liable under Section 1983 for allegedly selecting a particular judge in the Criminal Proceeding.

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.      4      06-CV-6644 MJJ

Furthermore, the County Prosecutors are entitled to absolute immunity for allegedly permitting and/or encouraging witnesses to make false accusations in the Criminal Proceeding. (FAC, ¶¶ 34-35, 42, 48). "[A] prosecutor is protected by absolute immunity when the prosecutor is accused of 'telling the witness how to testify.'" *Faulkner v. County of Kern*, 2006 U.S. Dist. LEXIS 44151, * 64 (D. Cal. 2006). The prosecutor's efforts to control the presentation of his witnesses' testimony are entitled to absolute immunity. *Imbler*, 424 U.S. at 431, fn. 32. Conferring with potential witnesses for the purpose of determining whether to initiate criminal proceedings is a quasi-judicial function, and therefore, entitled to absolute immunity. *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Accordingly, the County Prosecutors may not be held liable under Section 1983 for allegedly permitting and/or encouraging witnesses to make false accusations in the Criminal Proceeding.

Moreover, the County Prosecutors are entitled to absolute immunity for seeking and abiding by the state criminal court order prohibiting Herships from obtaining witnesses' addresses. (FAC, ¶ 12, 26-27). Even if these addresses constituted evidence, absolute immunity would apply to the County Prosecutors' efforts to withhold them. *See Imbler*, 424 U.S. at 431, n. 34 (absolute immunity available for "wilful suppression by a prosecutor of exculpatory evidence"); "[I]t is 'now [a] well-settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information.'" *Robinson v. Volkswagenwerk AG,* 940 F.2d 1369, 1373 n. 4 (10th Cir. 1991) *citing Auriemma v. Montgomery*, 860 F.2d 273, 279 (7th Cir. 1988).

Similarly, the County Prosecutors are entitled to immunity for abiding by the state criminal court's order prohibiting Herships from obtaining witnesses' addresses. "[A] government official's strict compliance with a facially valid judicial order issued by a court acting within its jurisdiction clothes the official with the absolute judicial immunity enjoyed by the judge issuing the order." *Mays v. Sudderth*, 97 F.3d 107, 108 (5th Cir. 1996). In this context, judicial immunity applies to the government official because his duties and responsibilities are intimately connected with the judge's own exercise of the judicial function. *Moore v. Brewster*, 96 F.3d 1240, 1244-1245 (9th Cir. 1996). Accordingly, the County

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.   5   06-CV-6644 MJJ

Prosecutors may not be held liable under Section 1983 for seeking and abiding by the state criminal court's order.

Therefore, the instant complaint should be dismissed as to the County Prosecutors because they are entitled to absolute immunity with respect to each of Herships' allegations.

**B.     Herships' Complaint Should Be Dismissed, Or Stayed In The Alternative, Because The Criminal Proceeding Is Ongoing In State Court.**

The *Younger* abstention doctrine suggests that this Court should either dismiss or stay Herships' complaint because the Criminal Proceeding is ongoing. (FAC, ¶¶ 3-4); *Younger*, 401 U.S. 37. Generally, the *Younger* abstention doctrine prohibits federal courts from interfering with a pending state court proceeding. *Id.* "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. Nevertheless, Herships would have this Court interfere with the state court's administration of the Criminal Proceeding. The issues raised in Herships' complaint can, and should, be addressed by the state criminal court.

For example, Herships' complaint asks this Court to determine: 1) whether there is any possibility of obtaining a conviction in the Criminal Proceeding (FAC, ¶¶ 44-45); 2) whether the criminal charges giving rise to the Criminal Proceeding were filed as part of an improper conspiracy (FAC, ¶ 33); 3) whether witnesses in the Criminal Proceeding have made false accusations (FAC, ¶¶ 34-35, 42, 48); 4) whether the County Prosecutors have improperly charged Herships with a felony (FAC, ¶ 39); and 5) whether Deputy District Attorney Maxmilian Zarzana improperly selected the judge presiding over the Criminal Proceeding (FAC, ¶¶ 22, 41).

If this Court were to address these issues, then the Criminal Proceeding would be rendered moot. The notion of "comity" requires federal district courts to abstain, and allow state courts to address matters pending before them. *Younger*, 401 U.S. at 44-45. "Comity" refers to "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.          6                              06-CV-6644 MJJ

1  Government will fare best if the States and their institutions are left free to perform their
2  separate functions in their separate ways." *Id.* at 44.  In this respect, it would be improper for
3  this Court to address issues pertaining to the Criminal Proceeding before the state criminal court
4  has had the opportunity to do so.
5      *Younger* abstention applies to the instant matter even though Herships' complaint seeks
6  monetary damages.  The Ninth Circuit has declared the following:
7  > We are confident that *Younger* principles apply to a claim for damages
8  > based on constitutional challenges which can be asserted in pending state
9  > proceedings that implicate important state interests, and that the correct
10 > disposition is to defer – not to dismiss – when damages are at issue.

10 *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004).
11     Herships seeks both injunctive relief and monetary damages.  (FAC, p. 11).  Dismissal is
12 appropriate to the extent Herships seeks injunctive relief in the instant action while a stay is
13 appropriate to the extent he seeks damages.  *Gilbertson*, 381 F.3d at 982.  Therefore, the instant
14 action should be dismissed, or stayed in the alternative.

### IV. CONCLUSION

16     The County Prosecutors respectfully request that the instant complaint be:  1) dismissed as
17 to them under the absolute immunities discussed above; 2) dismissed under the *Younger*
18 abstention doctrine; and/or 3) stayed pursuant to *Gilbertson v. Albright* and the *Younger*
19 abstention doctrine.

20 Dated:  June 26, 2007                              Respectfully submitted,

                                                    ANN MILLER RAVEL
                                                    County Counsel

                                              By:         /S/
                                                    KEVIN M. HAMMON
                                                    Deputy County Counsel

                                                    Attorneys for Defendants
                                                    MAXMILIAN ZARZANA, and
                                                    PINAKI CHAKRAVORTY
                                                    (erroneously sued herein as
                                                    "MAXNILIAN ZARZANA" and
                                                    "PINAKI CHAKRAVORT")

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

County Defendants' P&A's in Support of
Motion to Dismiss Plaintiff's 1st Amended Compl.        7                           06-CV-6644 MJJ