ANN MILLER RAVEL, County Counsel (S.B. #62139)
KEVIN M. HAMMON, Deputy County Counsel (S.B. # 232360)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, Ninth Floor, East Wing
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
MAXMILIAN ZARZANA, AND PINAKI
CHAKRAVORTY (erroneously sued
herein as "MAXNILIAN ZARZANA" and
"PINAKI CHAKRAVORT")

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>Plaintiff,<br><br>v.<br><br>THE SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA, SANTA CLARA COUNTY DEPUTY DISTRICT ATTORNEYS MAXNILIAN ZARZANA, PINAKI CHAKRAVORT, STEVEN TODD KIRSCH, DAVID DUPERRAULT, GERALD SORENSON, PALO ALTO POLICE OFFICER CARLOS DE SANTIAGO, JOHN EVERDING AND DOES 1 through 20 inclusive,<br><br>Defendants. | No. 06-CV-6644 MJJ<br><br>DEFENDANTS MAXMILIAN ZARZANA AND PINAKI CHAKRAVORTY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Date:          August 28, 2007<br>Time:         9:30 a.m.<br>Crtrm:       11, 19th Floor<br>Judge:       Judge Martin J. Jenkins<br>Action Filed: October 25, 2006 |

## I.

## INTRODUCTION

Plaintiff Howard Herships ("Herships") is *currently* a defendant in a state court felony case, *People v. Herships*, No. BB 517233 (2005) ("the Criminal Proceeding"). (First Amended Complaint ("FAC") at ¶ 3.) On April 9, 2007, Herships filed the instant first amended complaint alleging that the Criminal Proceeding resulted from a vast conspiracy amongst a wide

variety of defendants. (FAC, ¶¶ 22-49.) On June 26, 2007, Defendants Santa Clara County Deputy District Attorneys Maxmilian Zarzana and Pinaki Chakravorty ("the County Prosecutors") filed a motion to dismiss, or in the alternative stay, the instant complaint. Herships' last day to serve the County Prosecutors with an opposition by mail was August 3, 2007. (*See* Civil L. R. 5-5(a)(2), 7-3.) However, Herships failed to serve his opposition by mail until August 7, 2007. The County Prosecutors hereby reply to Herships' untimely opposition.

## II.

## ARGUMENT

The County Prosecutors' motion to dismiss should be granted– regardless of whether or not this Court considers Herships' delinquent opposition. The County Prosecutors enjoy absolute immunity with respect to all of the allegations made against them. Herships' opposition fails to address the doctrine of absolute prosecutorial immunity. Instead, Herships cites two cases addressing the qualified immunity enjoyed by Presidential aides and police officers. Moreover, Herships offers no response to the County Prosecutors' *Younger* abstention argument. Accordingly, Herships effectively concedes that the instant action should be dismissed, or stayed in the alternative, pursuant to *Younger v. Harris*. (*See Younger v. Harris*, 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004).)

**A.    THE COUNTY PROSECUTORS ARE ENTITLED TO ABSOLUTE IMMUNITY.**

The County Prosecutors are absolutely immune from liability based upon their decision to prosecute Herships. (*See Hartman v. Moore*, 547 U.S. 250, 126 S.Ct. 1695, 1704 (2006).) In his opposition, Herships argues that the County Prosecutors are not entitled to absolute immunity because they initiated the Criminal Proceeding as part of a conspiracy with co-defendant Steve Kirsch. (Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") at 4-5.) Herships argues that the County Prosecutors are not entitled to absolute immunity because they allegedly violated the law when they filed a criminal complaint against him. (*Id.*)

//
//

However, the absolute prosecutorial immunity would apply even if the County Prosecutors violated the law by conspiring to prosecute Herships. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under Section 1983." (*Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). In *Ashelman v. Pope*, the Ninth Circuit held the following:

> [A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.... Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority.

(*Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).)

Herships cites two cases in an attempt to circumvent the doctrine of absolute prosecutorial immunity. Neither case is on point. In *Harlow v. Fitzgerald*, the U.S. Supreme Court held that *Presidential aides* are entitled to qualified immunity by virtue of their positions. (*Harlow v. Fitzgerald*, 457 U.S. 800, 809 (1982).) In *Malley v. Briggs*, the U.S. Supreme Court held that *police officers* are not entitled to absolute immunity when they request arrest warrants. (*Malley v. Briggs*, 457 U.S. 335, 344 (1986).) In both cases, the Supreme Court distinguished the absolute immunity enjoyed by prosecutors from the qualified immunity enjoyed by Presidential aides and police officers. (*Harlow*, 457 U.S. at 807; *Malley*, 457 U.S. at 341-342.)

According to his opposition, Herships intends to amend his complaint in order to describe how the County Prosecutors allegedly violated the California Penal Code when they filed charges against him. (Opposition at 5:21-25.) However, prosecutorial immunity would apply even if Herships amended his complaint in this fashion. "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." (*Imbler*, 424 U.S. at 427.)

**B.   PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE, HERSHIPS' COMPLAINT SHOULD BE DISMISSED, OR STAYED IN THE ALTERNATIVE.**

The instant complaint should be dismissed or stayed pursuant to the *Younger* abstention doctrine. Generally, the *Younger* abstention doctrine prohibits federal courts from interfering with pending state court proceedings. (*Younger*, 401 U.S. 37.) *Younger* abstention applies

herein because the instant action arises from an *ongoing* criminal proceeding in state court. (FAC, ¶ 3). Dismissal is appropriate to the extent Herships seeks injunctive relief in the instant action, while a stay is appropriate to the extent he seeks damages. *Gilbertson*, 381 F.3d at 982. Therefore, the instant action should be dismissed, or stayed in the alternative.

Herships makes no reference to the County Prosecutors' *Younger* abstention argument in his opposition. As such, he effectively concedes that the instant complaint should be dismissed or stayed in the alternative.

### III.
### CONCLUSION

The County Prosecutors respectfully request that the instant complaint be: 1) dismissed as to them under the absolute immunity doctrine; 2) dismissed under the *Younger* abstention doctrine; and/or 3) stayed pursuant to *Gilbertson v. Albright* and the *Younger* abstention doctrine.

Dated: August 15, 2007

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: _____/S/_____
KEVIN M. HAMMON
Deputy County Counsel

Attorneys for Defendants
MAXMILIAN ZARZANA, and
PINAKI CHAKRAVORTY
(erroneously sued herein as
"MAXNILIAN ZARZANA" and
"PINAKI CHAKRAVORT")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROOF OF SERVICE BY MAIL

*Herships v. The Superior Court of California, et al.*                                    06-6644 MJJ

I, Catherine M. Grijalva, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of **DEFENDANTS MAXMILIAN ZARZANA AND PINAKI CHAKRAVORTY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFF'S FIRST AMENDED COMPLAINT** by placing said copy in an envelope addressed to:

Howard Herships
P.O. Box 190711
San Francisco, CA  94119-0711

which envelope was then sealed, with postage fully prepaid thereon, on **August 15, 2007**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **August 15, 2007**, at San Jose, California.

*/s/ Catherine M. Grijalva*
Catherine M. Grijalva

85727.wpd