**United States District Court**
For the Northern District of California

| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| HOWARD HERSHIPS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Defendant. | No. C06-06644 MJJ<br><br>**ORDER GRANTING DEFENDANT COUNTY PROSECUTORS' MOTIONS TO DISMISS AND DEFENDANT KIRSCH'S MOTION TO STAY** |

### INTRODUCTION

Before the Court are two motions: (1) Defendants Maxmilian Zarzana and Pinaki Chakravorty's Motion To Dismiss, Or In The Alternative, Stay Plaintiff's First Amended Complaint (Docket No. 42), and (2) Defendant Steven Kirsch's Motion To Stay First Amended Complaint (Docket No. 50). Plaintiff filed an opposition to both motions. No reply briefs were filed.

For the following reasons, the Court **VACATES** the August 28, 2007 hearing in this matter and **GRANTS** both motions as set forth below.

### FACTUAL BACKGROUND

On October 25, 2006, Plaintiff Howard Herships, who is proceeding *pro se*, filed a Section 1983 action against a sole defendant – the Superior Court of California, County of Santa Clara – alleging that his constitutional rights are being violated in connection with a pending criminal action against him in that court. Plaintiff asserted that, due to indigence, he is unable to secure witnesses, obtain appointment of an expert witness, or obtain a reporter's transcript in connection with

presenting his defense in the state court criminal action.

On a noticed motion to dismiss by Defendant Superior Court of California, County of Santa Clara ("Superior Court"), the Court issued a March 13, 2007 Order dismissing Plaintiff's claims against the Superior Court as barred by Eleventh Amendment immunity, but granted Plaintiff leave to amend his complaint based on his representation at oral argument that he intended to allege new factual allegations and add new parties. (Docket No. 22.)  On April 9, 2007, Plaintiff filed a First Amended Complaint ("FAC") which again asserted Section 1983 claims against the Superior Court, as well as seven new individual defendants, including the three defendants that have filed the instant motions. (Docket No. 23.)  After the Superior Court brought a second motion to dismiss, this Court issued a June 5, 2007 Order dismissing Plaintiff's claims against the Superior Court with prejudice. (Docket No. 37.)

On June 13, 2007, Plaintiff filed a Notice of Appeal with respect to the June 5, 2007 Order. (Docket No. 39.)  That appeal is still pending with the Ninth Circuit.

After Plaintiff filed his Notice of Appeal, Defendants filed the two motions presently before this Court.

**LEGAL STANDARD**

**A.     Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic

evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

**B.     Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**ANALYSIS**

**A.     This Court Has Jurisdiction To Resolve The Instant Motions.**

Though neither side raises the issue, the Court first examines whether Plaintiff's June 13, 2007 Notice of Appeal divests this Court of jurisdiction to entertain the instant motions. The Court finds that it retains jurisdiction to decide the motions. Plaintiff's Notice of Appeal is premature and seeks to take an appeal from a non-appealable order, given that the June 5, 2007 Order did not

dispose of all claims in this matter. An improper or ineffective notice of appeal does not divest the district court of jurisdiction. "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966)*; see also See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993).

The Court therefore will reach the merits of the pending motions.

### B.  Zarzana and Chakravorty Are Entitled To Absolute Immunity.

In his second and third causes of actions, Plaintiff seeks monetary damages against Defendants Zarzana and Chakravorty, prosecutors for the County of Santa Clara ("County Prosecutors"), for their alleged improper conduct in connection with the pending state criminal proceeding against Plaintiff. The County Prosecutors contend that absolute immunity bars Plaintiff's claims for damages. The Court agrees.

All of Plaintiff's allegations directed at the County Prosecutors concern conduct intimately associated with the judicial phase of the criminal process. Absolute immunity therefore bars each of Plaintiff's material allegations against the County Prosecutors:

- Plaintiff alleges that the County Prosecutors filed criminal charges without probable cause, conspired to file such charges, and knowingly did s on the basis of false accusations from witnesses. (FAC ¶¶ 25, 33, 38-39.) The County Prosecutors are immune from suit for such alleged conduct. Prosecutors have absolute immunity from liability for the decision to prosecute, even if the decision to file charges resulted from a conspiracy or an improper motive. *See Hartman v. Moore*, 547 U.S. 250, 126 S.Ct. 1695, 1705 (2006); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995).

- Plaintiff alleges that the County Prosecutors selected a judge whose husband had financial dealings with Plaintiff's alleged victim. (FAC ¶¶ 22, 41.) The County Prosecutors are immune from suit for such alleged conduct. Even "a conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding,

4

United States District Court
For the Northern District of California

      while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

- Plaintiff alleges that the County Prosecutors permitted and/or encouraged witnesses to make false accusations in the criminal proceedings. (FAC ¶¶ 34-35, 42, 48). The County Prosecutors are immune from suit for such alleged conduct. Conferring with potential witnesses for the purposes of presenting criminal proceedings, or even inducing false testimony, is a quasi-judicial function protected by absolute immunity. *See Demery v. Kupperman*, 735 F. 2d 1139, 1144 (9th Cir. 1984); *Imbler*, 424 U.S. at 431 n. 32.

- Plaintiff alleges that the County Prosecutors improperly enforced a state criminal court order prohibiting Plaintiff from obtaining witnesses' address. (FAC ¶¶ 12, 26-27.) The County Prosecutors are immune from suit for such alleged conduct. A prosecutor has absolute immunity even for knowingly suppressing of exculpatory information. See *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991); *Imbler*, 424 U.S. at 431 n.34. Moreover, "a government official's strict compliance with a facially valid judicial order issued by a court acting within its jurisdiction clothes the official with the absolute judicial immunity enjoyed by the judge issuing the order." *Mays v. Sudderth*, 97 F.3d 107, 108 (5th Cir. 1996).

In opposition, Plaintiff contends that absolute immunity does not apply because the County Prosecutors' conduct constitutes a violation of California state criminal law. Plaintiff's argument is unavailing. Absolute immunity against a civil action for damages does not depend on whether the alleged conduct is a violation of a state's criminal statutes. Moreover, the authorities to which Plaintiff cites do not support his contention.[1]

Accordingly, on the basis of absolute immunity, the Court will dismiss Plaintiff's claims against the County Prosecutors with prejudice.

---

[1] *See Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982) (discussing qualified immunity, not absolute immunity); *Libarian v. State Bar*, 38 Cal. 2d 328 (1952): (no discussion of immunity principles); *People v. Pic'l*, 31 Cal. 3d 731 (1982) (no discussion of immunity principles); *Kimmel v. Goland*, 51 Cal. 3d 202, 212-13 (1990) (discussing availability of immunity for private attorneys, not prosecutors); *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (discussing qualified immunity, not absolute immunity).

5

### C. *Younger* Principles Require This Court To Stay Plaintiff's Damages Claims Against Defendant Kirsch.

In his second and third causes of actions, Plaintiff seeks monetary damages against Defendant Kirsch for his alleged role in initiating a baseless criminal action against Plaintiff and soliciting false accusations against Plaintiff. Kirsch contends that a stay of Plaintiff's damage claims against him is appropriate under the *Younger* abstention doctrine.[2] The Court agrees. Resolving the issues raised by Plaintiff's damage claims against Kirsch would require this Court to make determinations as to whether the criminal charges giving rise to the state criminal proceeding were filed as part of an improper conspiracy or with an improper motive, as well as determinations as to whether Kirsch solicited false testimony from witnesses in connection with the criminal proceeding against Plaintiff. Adjudication of such issues would have the practical effect of interfering with the state court's resolution of the pending criminal proceedings and would run afoul of the *Younger* abstention doctrine. *See Gilbertson v. Albright*, 381 F.3d 965, 979-980 (9th Cir. 2004) (en banc). Because Plaintiff's damages claims are not cognizable in the state forum, a stay of the claims, rather than dismissal, is appropriate. *Id.*

### CONCLUSION

For the foregoing reasons, the Court **VACATES** the August 28, 2007 hearing in this matter and **GRANTS** both pending motions. The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants Zarzana and Chakravorty. The Court **STAYS** Plaintiff's claims against Defendant Kirsch until the state criminal proceedings against Plaintiff are concluded. Plaintiff and Defendant Kirsch shall notify the Court within ten (10) calendar days of the conclusion of the state criminal proceedings.

**IT IS SO ORDERED.**

Dated:    8/15/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's opposition brief does not address the applicability of the *Younger* abstention doctrine.

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOWARD HERSHIPS,

        Plaintiff,

v.

SUPERIOR COURT OF CALIFORNIA et al,

        Defendant.
_____/

Case Number: CV06-06644 MJJ

**CERTIFICATE OF SERVICE**

**ON NON E-FILING PARTY**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 16, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Howard Herships
P.O. Box 190711
San Francisco, CA 94119-0711

Dated: August 16, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk