Gary M. Baum, City Atty. SBN 117200
Donald A. Larkin, Asst. City Atty. SBN 199759
**CITY OF PALO ALTO**
250 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 329-2171
Facsimile: (650) 329-2646
E-Mail: donald.larkin@cityofpaloalto.org

Attorneys for Defendant
CARLOS DE SANTIAGO

UNITED STATES DISTRICT COURT

FOR THE NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, et al.<br><br>    Defendant. | Case No. 06-CV-6644-MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARLOS DE SANTIAGO'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE FIRST AMENDED COMPLAINT**<br><br>Date: October 9, 2007<br>Time: 9:30 a.m.<br>Courtroom: 11<br>Hon. Martin J. Jenkins |

**I. INTRODUCTION**

  Plaintiff Howard Herships ("Herships") has brought this federal action against nearly every person involved in a pending state court criminal action in which Herships is a defendant, *People v. Herships*, Case No. BB 517233 (the Criminal Proceeding). Defendants in this action include the state court prosecutors, the investigating police officer, the victim, the witnesses and the Superior Court itself. This action is a thinly veiled, wholly improper attempt to interfere with this ongoing Criminal Proceeding.

  More importantly, Herships' First Amended Complaint fails to state any cognizable cause of action against Defendant Palo Alto Police Officer Carlos De Santiago ("Officer De Santiago"). In

reality, the facts presented demonstrate that no such cause of action exists. As such this case should be dismissed without leave to amend. Even in the event that Herships could state a cause of action, Herships is precluded from seeking relief in federal court while the Criminal Proceeding is pending. *See Younger v. Harris* (1971) 401 U.S. 37.

## II.   STATEMENT OF ALLEGED FACTS

While Herships' First Amended Complaint ("FAC") alleges three causes of action, only the Second Cause of Action implicates Officer De Santiago. The allegations against Officer De Santiago are that Officer De Santiago "wrote a police report which failed to state the distances involved for an identification of plaintiff by witnesses David Duperrault and Gerald Sorensone (sic.) from just where they were standing." (FAC ¶ 19). Herships further claims that Officer De Santiago's report "failed to state that the purported statements by defendants Davis (sic.) Duperrault and Gerald Sorenson were physically impossible to observe at a distance in excess of 300 feet," and that Officer De Santiago "also failed to write a clear and accurate report by distinguishing between opinion, fact and conclusion." (FAC ¶ 19)

In a separate paragraph, Herships alleges that Officer De Santiago "breach (sic.) his duty to ascertain the truth of the information that had been supplied by defendants Duperrault and Sorenson and failed that duty." (FAC ¶ 20).

## III.   ARGUMENT

Herships has failed to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be "dismissed based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, (9th Cir., 1990) 901 F.2d 696, 699. In his second cause of action Herships appears to allege that Officer De Santiago has violated his civil rights under title 42 U.S.C. §1983[1]. Officer De Santiago's alleged misconduct relates only to the information Officer De Santiago documented in his police report (FAC, ¶¶ 19-20). However, the FAC makes no allegation that

---

[1] Herships claims that "[t]his Court has jurisdiction under the Fourteenth Amendment to the U.S. Constitution and under Title 42 U.S.C. § 1983, and under Title 28 U.S.C. §§ 1331, 1343 (3), 1391, 2201 & 2202, as well as Rules 57, 58 and 65(a) F.R.C.P." (FAC ¶ 1). Of the cited statutes, only 28 U.S.C. 1983 provides federal jurisdiction for the claimed civil rights violations alleged against Officer De Santiago.

Officer De Santiago's conduct deprived Herships of a federal right, and therefore Herships has not alleged sufficient facts to sustain a §1983 cause of action. *Gomez v. Toledo*, (1980) 446 U.S. 635, 640.

### A.     Herships' has failed to state a claim for civil rights violation.

Herships has failed to allege facts to sustain a §1983 cause of action against Officer De Santiago. The Supreme Court has outlined two elements "required in order to state a section 1983 cause of action: (1) plaintiff must allege that some person has deprived him of a federal right, and (2) plaintiff must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez*, 446 U.S. at 640.

Even assuming the truth of Herships' allegations, there is no authority that holds that an incomplete police report would constitute a violation of Herships' civil rights. In fact, courts have consistently held that the failure of a prosecution team to "investigate properly . . . does not violate clearly established constitutional rights." *Flores v. Satz*, (11th Cir., 1998) 137 F.3d 1275, 1278. Likewise, "a series of discrepancies in various police reports . . ." does not support a claim of conspiracy to violate civil rights. *Feist v. Simonson* (D.Minn, 1999) 36 F.Supp2d 1136, 1150. California courts addressing the issue have held that "[t]he mere failure to investigate fully does not constitute a federal civil rights violation." *Choate v. County of Orange*, (2001) 86 Cal.App.4th 312, 334. In fact, an incomplete police report would not even serve as a defense in the Criminal Proceedings. "Of necessity [police] reports are incomplete, often inaccurate summaries of what victims, perhaps still traumatized, and witnesses, frequently frightened and not always English fluent, have told harried police officers eager to patrol, not scribe." *Falls v. Superior Court (Samaniego)*, (1996) 42 Cal.App. 4th 1031. 1046.

Each specific allegation in the FAC about Officer De Santiago's police report is in accord with the established procedures on how police officers are to write a police report in California. "A police officer should document only facts- not assumptions, opinions, conclusions, or theories of the officer." California Peace Officers Legal Sourcebook 9.10. "Normally, facts which tend to minimize or disprove the suspect's guilt should be documented in your report. (This, of course, does not include opinions, theories, conclusions, etc.)." Id. at 9.9. "Sometimes (conclusions) are necessary,

but usually a factually and substantially documented report will cause others to arrive at appropriate conclusions." Id. at 9.11. Police officers are to document facts and conclusions, where necessary, in their police reports.

The information Herships alleged was omitted from the report was omitted because the established police report writing policies and procedures *require* its omission. Officer De Santiago should not have concluded that the witnesses could not have identified Herships in the parking lot, because he was only reporting the witnesses' statements. There is no authority that places a duty on Officer De Santiago to determine the truth of the information that was supplied to him by the witnesses. His responsibility was to write down their statements.

Herships would place an obligation on Officer De Santiago to provide Herships with every possible defense in the related Criminal Proceeding. There is no obligation on Officer De Santiago to do so, and there is no federal right that was violated by the preparation of the police report. Accordingly, Officer De Santiago may not be held liable under §1983 for writing a police report following California procedures which do not intrude upon any federal rights.

It should be noted that Herships does not allege that Officer De Santiago falsified the police report, or that Officer De Santiago failed to accurately report the statements made to him. However, even if such an allegation were made, it would not constitute a federal cause of action. In fact, even where police officers are alleged to have lied under oath, they are not subject to federal civil rights claims. The Supreme Court has acknowledged that allowing such claims would be disastrous. "Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial processes but also the effective performance of their other public duties." *Briscoe v. LaHue* (1983) 460 U.S. 325, 343. Should police officers be subject to federal civil rights claims for alleged false testimony, "Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors 'could be expected with some frequency.' [citations] Police officers testify in scores of cases every year, and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses." *Id.*

///

### B.  Officer De Santiago is entitled to absolute immunity.

The allegations in Herships FAC against Officer De Santiago are limited to the performance of his duties as a witness in the action. Just as "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under Section 1983," (*Imbler v. Pachtman* (1976) 424 U.S. 409, 427) witnesses in a criminal action are absolutely immune from Section 1983 liability. "The principles set forth in . . . *Imbler v. Pachtman* to protect prosecutors also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just—or unjust—conclusion is equally indispensable." *Briscoe*, 460 U.S. at 345-346.

The principle of absolute immunity applies equally to government witnesses, including police officers, as other witnesses. "[T]o the extent that traditional reasons for witness immunity are less applicable to government witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses. Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine their contribution to the judicial process but also the effective performance of their other public duties." *Briscoe*, 460 U.S. at 342-343.

Officer De Santiago prepared a complete and accurate police report, yet he is subject to this frivolous and reprehensible action. It is just this type of action the Supreme Court was attempting to preclude in *Briscoe*. Herships should not be allowed to persist in this improper attempt.

### C.  Herships' complaint should be dismissed, or stayed in the alternative, because the Criminal Proceeding is ongoing in state court.

The *Younger* abstention Doctrine suggests that, even if Herships could state a cause of action upon which relief can be granted, this Court should either dismiss or stay Herships' complaint because the criminal proceeding is ongoing. (FAC, ¶¶ 3-4); *Younger*, 401 U.S. 37. Generally, the *Younger* abstention doctrine prohibits federal courts from interfering with a pending state court proceeding. *Id.* "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. Nevertheless, Herships would have this Court interfere

with the state court's administration of the Criminal Proceeding. The issues raised in Herships complaint can, and should be addressed by the state criminal court.

For example, Herships' complaint asks this Court to determine 1) whether there is any possibility of obtaining a conviction in the Criminal Proceeding (FAC, ¶¶ 44-45); 2) whether the criminal charges giving rise to the Criminal Proceeding were filed as part of an improper conspiracy (FAC, ¶ 33); 3) whether witnesses in the Criminal Proceeding have made false accusations (FAC, ¶¶ 34-35, 42,48); 4) whether the County Prosecutors have improperly charged Herships with a felony (FAC, ¶ 39); and 5) whether Deputy District Attorney Maxmilian Zarzana improperly selected the judge presiding over the Criminal Proceeding (FAC, ¶¶ 22,41).

If this court were to address these issues, then the Criminal Proceeding would be rendered moot. The notion of "comity" requires federal district courts to abstain, and allow state courts to address matters pending before them. *Younger*, 401 U.S. at 44-45. "Comity" refers to "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. In this respect it would be improper for this Court to address issues pertaining to the Criminal Proceeding before the state criminal court has had the opportunity to do so.

*Younger* abstention applies to the instant matter even though Herships' complaint seeks monetary damages. The Ninth Circuit has declared the following:

> We are confident that Younger principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer- not to dismiss- when damages are at issue.

*Gilbertson v. Albright*, (9th Cir. 2004) 381 F.3d 965, 982.

Herships seeks both injunctive relief and monetary damages. (FAC, p.11). Dismissal is appropriate to the extent Herships seeks injunctive relief in the instant action while a stay is appropriate to the extent he seeks damages. *Gilbertson*, 381 F.3d at 982. Therefore, the instant action should be dismissed, or stayed in the alternative.

///

## IV. CONCLUSION

Officer De Santiago respectfully requests that 1) all causes of action against Officer De Santiago in the FAC be dismissed without leave to amend for failure to state a cause of action upon which relief can be granted; 2) dismissed under the *Younger* abstention doctrine; and/or 3) stayed pursuant to *Gilbertson v. Albright* and the *Younger* abstention doctrine.

Dated: August 30, 2007

Respectfully submitted,

DONALD A. LARKIN
Assistant City Attorney
CITY OF PALO ALTO