IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>    Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Defendant. | No. C06-06644 MJJ<br><br>**ORDER STAYING PLAINTIFF'S FIRST AMENDED COMPLAINT, GRANTING DEFENDANT CARLOS DE SANTIAGO'S MOTION TO DISMISS PLAINTIFF'S SECOND CLAIM, AND DISMISSING PLAINTIFF'S THIRD CLAIM** |

## INTRODUCTION

Before the Court is Defendant Carlos De Santiago's Motion to Dismiss or, in the Alternative, Stay the First Amended Complaint. (Docket No. 65.)

For the following reasons, the Court **STAYS** Plaintiff's First Amended Complaint ("FAC") as the FAC pertains to Defendant De Santiago. Additionally, the Court **GRANTS** Defendant De Santiago's Motion and **DISMISSES** Plaintiff's second claim. The Court also *sua sponte* **DISMISSES** Plaintiff's third claim. Dismissal of Plaintiff's second and third claims is with **LEAVE TO AMEND** within twenty (20) days of a further order lifting the stay.

## FACTUAL BACKGROUND

On March 13, 2007, this Court dismissed *pro se* Plaintiff's claims against sole Defendant Superior Court as barred by Eleventh Amendment immunity, but granted Plaintiff leave to amend his complaint. (Docket No. 22.) The Court granted leave to amend based on Plaintiff's representation at oral argument that he intended to allege new factual allegations and add additional

parties.

On April 9, 2007, Plaintiff filed the FAC presently at issue. (Docket No. 23.) The FAC contains three claims: (1) a cause of action requesting a temporary restraining order or a preliminary injunction; (2) a claim alleging a violation of Plaintiff's civil rights; and (3) a claim alleging a conspiracy to violate Plaintiff's civil rights. Plaintiff brings claims two and three pursuant to Section 1983, and alleges these claims against eight defendants[1] (collectively, "Defendants"), including Defendant De Santiago. Defendant De Santiago is a police officer who took part in an investigation in which Plaintiff was a suspect. Plaintiff alleges in the FAC that Defendant De Santiago's actions during that investigation contributed to criminal charges being filed, and a criminal case commencing, in violation of Plaintiff's civil rights. Presently, Plaintiff's criminal case remains pending in Santa Clara County.

On August 31, 2007, Defendant De Santiago filed the present motion to dismiss Plaintiff's FAC. Defendant De Santiago argues that as alleged against him, the FAC fails to state a claim on which relief can be granted. Defendant De Santiago accepts that Plaintiff's second claim implicates him. However, Defendant De Santiago asserts that Plaintiff's other two claims do not. Accordingly, Defendant De Santiago's motion only offers argument pertaining to dismissal of Plaintiff's second claim. Defendant De Santiago's motion also includes an argument for entitlement to absolute immunity from the present suit. As an alternative to granting the motion to dismiss, Defendant De Santiago argues that the Court should decline to exercise jurisdiction in this case under the *Younger* abstention doctrine.

Plaintiff failed to file a timely response to Defendant De Santiago's motion. The Court subsequently ordered Plaintiff to show cause for the failure to file, and to file either an opposition or statement of non-opposition to Defendant De Santiago's motion. (Docket No. 71.) Plaintiff timely responded to that order. (Docket No. 73.) The Court finds that Plaintiff demonstrated good cause for late filing based on Plaintiff's stated belief that all aspects of this case had been stayed when the

---

[1] The eight defendants in this case are: (1) The Superior Court of California, County of Santa Clara; (2) Santa Clara County Deputy District Attorney Maxnilian Zarzana; (3) Santa Clara County Deputy District Attorney Pinaki Chakravort; (4) Todd Kirsch; (5) David Duperrault; (6) Gerald Sorenson; (7) Palo Alto Police Officer Carlos De Santiago; and (8) John Everding.

2

Court had earlier stayed the proceedings with regard to some, but not all, Defendants. Plaintiff's opposition to Defendant De Santiago's motion concedes that a stay of proceedings is proper at this juncture, but fails to address the merits of the motion to dismiss.

**LEGAL STANDARD**

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*

3

*Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Before a district court can dismiss a *pro se* litigant's complaint, the court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively.  *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992).

**ANALYSIS**

**A.     *Younger* Principles Require This Court To Stay Plaintiff's Damages Claims Against Defendant De Santiago.**

In his second and third causes of action, Plaintiff seeks monetary damages against Defendant De Santiago for Defendant De Santiago's alleged role in initiating a baseless criminal action against him.  (FAC page 11, ¶¶ 2, 3.)  Defendant De Santiago acknowledges that a stay of Plaintiff's damage claims against him is appropriate under the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  The Court and Plaintiff both agree.

To resolve the issues raised by Plaintiff's damage claims against Defendant De Santiago, this Court must determine whether the state criminal charges were filed as part of an improper conspiracy or with an improper motive, and also must determine Defendant De Santiago's involvement in those activities.  Adjudication of such issues would have the practical effect of interfering with the state court's resolution of the pending criminal proceedings and would run afoul of the *Younger* abstention doctrine.  *See Gilbertson v. Albright*, 381 F.3d 965, 979-980 (9th Cir. 2004) (en banc).  As Plaintiff's damages claims are not cognizable in the state forum, a stay of the claims, rather than dismissal, is appropriate.  *Id.*  Accordingly, the Court **STAYS** Plaintiff's claims

4

against Defendant De Santiago until the resolution of the state criminal proceedings.

### B. Plaintiff Has Failed to Allege Facts Sufficient to Support Any Claims Against Defendant De Santiago.

Defendant De Santiago contends that Plaintiff has failed to state a claim against him upon which relief can be granted. The Court agrees.[2]

Plaintiff's FAC consists of three claims. Defendant De Santiago asserts that only Plaintiff's second claim pertains to him. The Court, however, reads Plaintiff's third claim as implicating Defendant De Santiago as well. (FAC ¶¶ 19, 20, 46, 49.) The Court understands Plaintiff's second and third claims as brought pursuant to 42 U.S.C. § 1983.[3] (FAC ¶¶ 1, 18-20, 31, 32, 49.)

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). In the present case, Plaintiff fails to allege facts sufficient to support a claim that Defendant De Santiago violated a right held by Plaintiff as secured by the Constitution or laws of the United States.

#### 1. Plaintiff's Second Claim Fails to Allege Sufficient Facts.

It is well settled that in addition to providing a cause of action for the deprivation of rights secured by the Constitution, § 1983 provides a cause of action for the deprivation of certain rights

---

[2] The Court is staying Plaintiff's claims against Defendant De Santiago. However, the Court addresses the merits of Defendant De Santiago's Motion to Dismiss so that when the stay of proceedings has been lifted, Plaintiff will file a properly amended complaint.

[3] Plaintiff has not pleaded pursuant to 42 U.S.C. § 1985. However, the Court considered whether Plaintiff's third claim, arising from an alleged conspiracy to violate civil rights, was adequately pleaded pursuant to § 1985. The Court finds, however, in light of *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc), that Plaintiff neither has, nor could, plead his conspiracy claim as a § 1985 claim.

conferred by federal statutes. *See Wilder*, 496 U.S. at 508; *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). In order to seek redress under § 1983, a plaintiff must assert the violation of a federal "right," not merely the violation of federal "law." *See Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989).

Plaintiff's second claim alleges that Defendant De Santiago violated Plaintiff's civil rights while in the performance of his duties as a police officer. The Court reads Plaintiff's second claim to allege three actions by Defendant De Santiago as violations of Plaintiff's civil rights. First, Plaintiff alleges that Defendant De Santiago failed to include possibly exculpatory evidence in his police report. (FAC ¶ 19.) Second, Plaintiff alleges that Defendant De Santiago failed to write a complete and accurate police report in his investigation of the crime for which Plaintiff is presently on trial. (FAC ¶ 19.) Third, Plaintiff alleges that Defendant De Santiago breached a duty owed to Plaintiff to ascertain the truth of reported information. (FAC ¶ 20.)

The Court does not find any of Defendant De Santiago's actions alleged in Plaintiff's second claim as violative of Plaintiff's established federal or constitutional rights. Plaintiff fails to offer authority in support of the proposition that inaccurate or incomplete police reports amount to a violation of a suspect's federal right. Nor does Plaintiff offer authority for the proposition that failure to include possibly exculpatory evidence in a police report amounts to violation of a suspect's federal right. Lastly, no authority is offered to establish a federal right requiring police officers to ascertain the truth of reported information. Plaintiff's second claim in the FAC is not alleged to be grounded in any federal or constitutional rights. Accordingly, with regard to Plaintiff's second claim, the Court **GRANTS** the Motion and **DISMISSES** with **LEAVE TO AMEND** within twenty (20) days of a further order lifting the stay.

### 2. Plaintiff's Third Claim Fails to Allege Sufficient Facts.

Defendant De Santiago asserts that the only claim in the FAC implicating him is Plaintiff's second claim. The Court disagrees.[4] Plaintiff's third claim alleges that a conspiracy existed among multiple parties, including Defendant De Santiago. (FAC ¶¶ 31-33, 46, 49.) Plaintiff further alleges

---

[4] Defendant De Santiago does not move to dismiss the third claim in Plaintiff's FAC, presumably because Defendant De Santiago does not think the third claim implicates him. The Court, in dismissing Plaintiff's second claim with leave to amend, *sua sponte* addresses deficiencies in Plaintiff's third claim as well in the interest of judicial economy.

6

that the conspiracy resulted in criminal proceedings against Plaintiff in violation of Plaintiff's equal protection and due process rights. (FAC ¶¶ 33, 49.)

Pursuant to § 1983, a plaintiff can allege a claim that multiple defendants conspired to violate that plaintiff's civil rights. *See Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Bretz v. Kelman*, 773 F.2d 1026 (9th Cir. 1985) (en banc). In pleading a conspiracy claim under § 1983, conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim. *See Woodrum*, 866 F.2d at 1126. To properly allege conspiracy, a Plaintiff must allege specific facts that tend to show an agreement between the people alleged to be taking part in the conspiracy to deprive a plaintiff of his or her civil rights. *See id.* Furthermore, a plaintiff must allege that a constitutional right was violated; conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. *See id.*

Plaintiff's third claim alleges a violation of his constitutional rights. Specifically, Plaintiff asserts that his equal protection and due process rights were violated as a result of the culmination of Defendants' efforts. The alleged constitutional violations, however, are too conclusory. Plaintiff's third claim is deficient as it fails to allege specific facts that would tend to show an agreement between Defendant De Santiago and any other Defendant to deprive Plaintiff of his allegedly violated constitutional rights. A showing of such an agreement is necessary to properly allege a conspiracy claim pursuant to § 1983. Accordingly, the Court **DISMISSES** Plaintiff's third claim with **LEAVE TO AMEND** within twenty (20) days of a further order lifting the stay.

**C.    Defendant De Santiago Is Not Entitled to Immunity.**

Defendant De Santiago asserts entitlement to absolute immunity from Plaintiff's claims against him. If Defendant De Santiago were entitled to the asserted immunity, the Court would necessarily dismiss Plaintiff's claims against Defendant De Santiago without leave to amend. However, Defendant De Santiago has not met his burden of establishing he is entitled to absolute immunity at the pleading stage.[5]

Defendant De Santiago's theory of entitlement to absolute immunity is based on the immunity granted to witnesses in criminal trials. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976);

---

[5] Plaintiff's opposition brief to Defendant De Santiago's Motion to Dismiss does not discuss immunity.

7

*Briscoe v. LaHue*, 460 U.S. 325, 342-45 (1983).   However, the allegations that Plaintiff has made against Defendant De Santiago do not pertain to testimony.  The facts alleged in Plaintiff's FAC arise from Defendant De Santiago's actions as a police officer, not his testimony about those events.  Although an investigating officer is a likely witness in a criminal trial subsequent to a criminal investigation, the Court is not aware of any authority that treats that likelihood as a sufficient basis for immunizing an officer from suit based on actions done under the color of law prior to testifying.

Defendant De Santiago fails to persuade the Court that testimonial absolute immunity should extend, *carte blanche*, to a police officer during the performance of his or her duties.  The Court therefore finds the proffered absolute immunity doctrine inapplicable to Defendant De Santiago on the facts Plaintiff alleges.

## CONCLUSION

For the foregoing reasons, the Court **STAYS** Plaintiff's First Amended Complaint as it pertains to Defendant De Santiago until the resolution of the state criminal proceedings. Additionally, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's second claim with **LEAVE TO AMEND** within twenty (20) days of a further order lifting the stay.  The Court also **DISMISSES** Plaintiff's third claim with **LEAVE TO AMEND** within twenty (20) days of a further order lifting the stay.  The parties **SHALL** notify the Court within fourteen (14) days of the conclusion of the state criminal proceedings.

**IT IS SO ORDERED.**

Dated: October 15, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

8