1  Howard Herships
   P.O. Box 190711
2  San Francisco, Ca 94119-0711
   (415) 216-8470
3

4  In Pro Se

FILED

2008 JUN 18 P 2:00

RICHARD W. W[EKING]
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Herships, | Civil No. CV06-6644 JF |
| Plaintiff, | PLAINTIFF'S CASE MANAGEMENT CONFERENCE |
| Vs. | Date: June 27, 2008<br>Court Room: 3<br>Time: |
| Steven Todd Kirsch et al. | |
| Defendants. | |

### JURISDICTION

1. The current basis for this Court Jurisdiction over plaintiff's claims is Title 42 U.S.C. Section 1983 and Title 28 U.S.C. 1343.

Defendants in this case refuse to do a joint case management conference with plaintiff and as such plaintiff is submitting this own case management conference.

### SERVICE

2. The following defendants have not been served Gerald Sorenson, because plaintiff has been prevent from obtain this defendant's address under California Law to wit Penal Code section 1054.2 plaintiff has been prevented from serving said defendant. Defendants David Depupprual and and John Everding have been served but have never made an appearance and have defaulted.

*Plaintiff's Case Management Conference CV 06-6644*

FACTS OF CASE

3. This case stems from a malicious prosecution of a criminal case by Steven Todd Kirsch who uses his influence over both the Santa Clara County District Attorney's Office and Superior Court of Santa Clara County to in which the Palo Alto Police Department never investigated the capabilities of the two purported eye witnesses to see through the sides of two car doors at distances in excess of 350 feet away and said statements taken by defendant De Santiago were physically impossible for these purported witnesses to make and the Defendant De Santiago use of said statements from these two witnesses was a reckless misrepresentation causing the issue of an arrest warrant against plaintiff and criminal prosecution on going without any factual basis for over 31 months.

Defendant Kirsch then on Oct 24, 2005 demanded payment of $5,000.00 from plaintiff or he was going to file a small claims case against plaintiff on Oct. 25, 2005.

Defendant Kirsch filed his small claims case against plaintiff Howard Herships and Katrina Heartwell in Santa Clara County Superior Court on October 25, 2005 seeking $5,000.00 in punitive damages each.

Defendant Kirsch then filed a felony criminal complaint against both Heartwell & Herships and the Santa Clara County District Attorney's Office, Deputy District Attorney Mike Adams, chose Superior Court Judge Pichon to issue the an Arrest Warrant when Judge Pichon and her husband both were actively involved in dealings with representatives of the Kirsch Foundation and no disclosure was ever made and plaintiff Herships had to file a Statement of Disqualification.

Katerina Heartwell and Steven Todd Kirsch then on January 18, 2006, entered into a civil compromise under California Penal Code Section 1377-1378 of the Criminal Charges and Ms Heartwell had to pay Kirsch the summon of $20,000.00 and the criminal case was dismissed.

The Deputy District Attorney's then made the very same offer to plaintiff Herships i.e. payment of $20,000.00 to Kirsch and the criminal case will go away . This offer was made and it is in the Reporter's Transcript of the First Preliminary Hearing in this case.

Defendant Kirsch then caused to be sent to witnesses Sorenson and Duprreaul an "E" mail requesting that these witnesses kept to there story and also had defendant Everding to call the deputy

- 2 -

1  district attorney and make a wild story that plaintiff herein made threatening remarks to Heartwell
2  which never happened as Heartwell testified at the first preliminary hearing under oath.

3  Plaintiff Herships has decided to represent himself in the Criminal case under Faertta and at
4  all times the Santa Clara County Superior Court has denied any and all funding to prepare his
5  defenses including a denial of funding for his expert witnesses, a denial of funding for the appointed
6  private investigator to interview witnesses and funding for compulsory service of process for both
7  records and witnesses to effectively challenge the credibility of a long distance ID at over 350 feet
8  away. This amounted to a reckless misrepresentation by these two witnesses in furtherance of Kirsch
9  scheme to defraud.

10  Defendant Kirsch then proceeded with a small claims case even through he had already
11  settled all claims with joint tortfeasor Heartwell and as such automatically releases plaintiff Herships
12  as it is the very same claim.

13  These violations have been ongoing for some 31 months now and no prospect for plaintiff
14  to obtained a fair trial on the merits in the trial court as that Court has rules that an indigent self-
15  represented criminal defendant has no rights to compulsory service of process for witnesses and
16  records which is absolutely necessary put on his defenses so that he can effectively cross-examine
17  the prosecution witnesses.

18  These violations of plaintiff's federal protective rights are structural error as they violate
19  federal court decisions of the United States Supreme Court.

20
21
22
23
24
25
26
27
28

- 3 -

## LEGAL ISSUES

4. The issues in this case are can the Santa Clara District Attorney's Office bring a criminal prosecution against plaintiff Herships when the action was already dismissed against criminal defendant Heartwell upon payment of $20,000.00 to Kirsch and that this cause of action was a serious violation of Rule 5-100 (A) of the Rules of Professional Conduct of the State Bar Act as Kirsch sole and only purpose was to take an advantage in a civil case by bring criminal charges.

Moreover, said acts of the District Attorney's Office in this case amounts to violations of the Hobbs Act ( 18 U.S.C. Section 1951 a predicated act under RICO Title 18 U.S.C. Section 1962 as the California Supreme Court has held that to bring a criminal case to obtain an advantage in a civil suit is extortion.

Additionally, these acts of both the District Attorney's Office and Kirsch in this case violate California Penal Code Section 153, the act of Compounding, see *People vs Pic'l* 31 Cal 3rd 731 as demanding payment of more then the actual damages caused by Heartwell ( $360.00) is a criminal act and the District Attorney's approved of these acts as they agreed to have the charges reduced from a felony to a misdemeanor and then civil compromise upon payment of $20,000.00 to Kirsch.

These acts are also are a cause of action for violations of plaintiff's civil rights (Title 42 U.S.C. Section 1983) as the acts of Kirsch in using the Santa Clara District Attorney's Office and the Santa Clara County Superior Court are violations of Plaintiff's Federal Protective Rights as they constitute structural error as plaintiff's rights to self representation cannot not be ignored under *Frantz v Hazey* 513 F3rd 1002 (9th Cir En Banc 2008).

These acts of the two purported witnesses who recklessly misrepresented that they could see through the sides of the steel car doors from the right side to the left side which was physically impossible and done at a distance in excess of 350 feet.

Additionally, Kirsch willful acts in the use of the legal process by granting Heartwell a full satisfaction and a release and still proceeding against plaintiff herein violation of *Poire v C.L. Peck/Jones Bros. Construction Corp.* (1995) 39 CA. 4th 1832.

- 4 -

## MOTIONS

5. There has been motions to dismiss filed by the County of Santa Clara and by the City of Palo Alto. Plaintiff will seek to file an amended complaint alleging additional causes of actions.

## AMENDMENT TO PLEADINGS

6. Plaintiff will seek to file an amended complaint in this case under Title 18 U.S.C. section 1964 ( c ) for a cause of Action for a Civil Rico complaint which is based upon the Hobbs Act as predicated acts to bring additional causes of action and to show the ongoing untoward ways of the defendants since the filing of the last complaint.

## EVIDENCE PRESERVATION

7. Plaintiff has preserved all documents that prove his case against defendants.

## DISCLOSURES

8. This case was stayed by the Prior Judge's Order and there has been no disclosures by any parties.

## DISCOVERY

9. There has been no discovery done in this case as there is a stay of all proceedings issued by the prior Judge in this case.

## RELATED CASES

10. There is a Santa Clara County Superior Court case no BB 517233 current pending for some 32 months and with no prospect for ever proving for plaintiff herein to proceed in preparing for his defenses at a jury trial as to proceed without allowing a self represented criminal defendant his rights to put on his defenses structural error requires automatic reversal.

## RELIEF REQUESTED

11. Actual and punitive damages to for the malicious prosecution by defendants of their illegal acts in attempting to extort money from plaintiff and proceeding with a criminal case for some

- 5 -

1 | 32 months with no prospect of dealing with plaintiff under decisions of the U.S. Supreme Court
2 | mandates.

### SETTLEMENT AND ADR

4 | 12 There are no prospect for settlement of this case as defendants are not amenable for such as they fully believe that they can violate plaintiff's constitutional rights with absolute immunity and can maliciously accused plaintiff of both criminal violations and civil case simultaneously by witnesses who were told by Kirsch how to testify and who claimed that they could see through the steel car doors from the right hand side to the left hand side at distance in excess of 350 feet and which was physically impossible.

Dated June 18, 2008

Howard Herships

PROOF OF SERVICE BY MAIL

I declare as follows:

I am over the age of 18 years and not a party to the within action:

That I placed a true and correct copy of the Plaintiff's Case Management Statement in envelopes addressed as follows:

John C Brown
Redenbacher & Brown LLP
580 California St Ste 1600
San Francisco, CA, 94104

Hammon, Kevin Maben
Ofc County Counsel
County of Santa Clara
70 W Hedding St 9FL E Wing
San Jose, CA, 95110

Donald Alan Larkin
Ofc City Attorney
250 Hamilton Ave
Palo Alto, CA, 94301-2531

David V. Duperrault
Silicon Valley Law Group
25 Metro Dr Fl 6TH
San Jose, CA, 95110-1316

I then placed the above addressed envelopes in the U.S. mail box in San Francisco with first class postage fully prepaid on June 18, 2008

I declare under penalty of perjury under the laws of the State of California that all of the foregoing is true and correct

Dated June 18, 2008
at San Francisco, California