STEVEN T. KIRSCH
13930 La Paloma Road
Los Altos Hills, CA 94022
Phone:  (650) 941-0248
Facsimile:  (408) 716-2493
Email address:  stk@propel.com
*In pro per*

JOHN C. BROWN (State Bar # 195804)
Redenbacher & Brown, LLP
580 California Street, Suite 1600
San Francisco, California 94104
Phone:  (415) 409-8600
Facsimile:  (415) 520-0141
Email:  jbrown@redbrownlaw.com

Attorneys for Defendant, STEVEN T. KIRSCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>  Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA COUNTY OF CALIFORNIA, *et al.*,<br><br>  Defendants. | Case No.:  C 06-CV-6644 JF/RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY STEVEN T. KIRSCH TO DISMISS COMPLAINT (F.R.C.P. 12(b)(6))**<br><br>Date of Motion:  September 5, 2008<br>Time of Motion:  9:00 a.m.<br>Ctrm:  #3, 5th Floor<br>Judge:  The Hon. Jeremy Fogel<br>Case Filed:  October 25, 2006<br>Trial date:  None |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY STEVEN T. KIRSCH TO DISMISS COMPLAINT (F.R.C.P. 12(b)(6)); C 06-CV-6644 JF/RS

## I. INTRODUCTION

Plaintiff Howard Herships maintains that various witnesses, police officers, deputy district attorneys, and even the state superior court have conspired to deprive him of unspecified civil rights by filing a "groundless" criminal complaint where "there is no possibility of obtaining a conviction." Instead of addressing this concern in the criminal proceeding (which is pending), Herships improperly filed the instant action claiming damages under 42 U.S.C. §1983.

Not only are Herships claims factually deficient, several of the defendants Herships implicated, including movant Steven T. Kirsch, are private citizens, as to whom Herships' §1983 claims do not apply. Accordingly, Kirsch brings this motion to dismiss Herships' First Amended Complaint ("FAC") as to him.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Does Herships allege a "civil right" that has been violated or, to the extent he does allege a "civil right," allege causation of damages?

2. Does Herships allege that Kirsch is a "state actor" who can be liable for a violation of "civil rights?"

3. Does Herships allege specifics of an agreement between Kirsch and a "state actor" to conspire to deprive him of his civil rights so that Kirsch could be liable for "conspiracy to violate civil rights?"

## III. STATEMENT OF ALLEGED FACTS

Herships brings two claims that implicate Kirsch. In his second cause of action, Herships alleges that Kirsch violated his "Civil Rights" (42 U.S.C. §1983). Herships does not allege that Kirsch is a governmental entity or employee. The only factual allegations Herships makes against Kirsch in this cause of action are as follows:

Kirsch requested witnesses to make reckless statements implicating Herships to a police officer (FAC, ¶ 21);

Kirsch corruptly influenced the Santa Clara District Attorney's Office by virtue of his being CEO of the Kirsch Foundation, causing it to improperly pursue a criminal matter against Herships (FAC, ¶ 22);

2

- Kirsch presented the criminal complaint for an ulterior purpose, *viz.*, to collect a judgment of $42,000 that was void on its face (FAC, ¶ 23);
- Kirsch requested a $20,000 civil compromise in violation of California Rule of Professional Conduct 5-100(A) (FAC, ¶ 24);

Herships baldly concludes that "[t]he above violations constitutional rights all done under Color of State Law have been and continuing all being done for consideration of . . . Kirsch position as CEO of the Kirsch Foundation for giving of grants within the Santa Clara County Community." [sic]  (FAC, ¶ 29).

In his third cause of action, Herships alleges that Kirsch participated in a "Conspiracy to Violate Civil Rights." The only additional allegations Herships makes against Kirsch are as follows:

- Kirsch conspired with two Santa Clara County district attorneys[1] to prosecute a criminal case against Herships without probable cause to deprive Herships of liberty and property without due process of law, so that Kirsch could obtain an advantage in a civil suit (FAC, ¶ 33, 37);
- Kirsch enlisted the aid of defendant Gerald Sorenson and prepped him to testify in the criminal case in violation of a court order (FAC, ¶ 36);
- Kirsch requested that Herships be charged with a felony (FAC, ¶ 39);
- Kirsch requested that Santa Clara County district attorneys seek out a particular judge who was favorable to Kirsch to issue an arrest warrant for Herships (FAC, ¶ 41);
- Kirsch conspired with defendant John Everding to make false statements about Herships to the Santa Clara County district attorneys (FAC, ¶ 42);
- Defendant Everding made statements in furtherance of a settlement agreement between Kirsch and another person, which settlement agreement required that person to sign a declaration implicating Herships in the vandalism of Kirsch's car (FAC, ¶ 43).

---

[1] The district attorneys were dismissed by order of The Hon. Martin J. Jenkins on August 16, 2007, docket #58.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY STEVEN T. KIRSCH TO DISMISS COMPLAINT (F.R.C.P. 12(b)(6)); C 06-CV-6644 JF/RS

It is unclear which civil right Herships claims has been violated, or whether he even alleges a civil right of his that has been violated. Rather, he states that he has been deprived of his "right to witness to marshal a defense in the small claims case entitled Kirsch v. Herships." (FAC, ¶ 27) Herships alleges that he has "no prospect for obtaining any opportunity for a complete defense to the pending criminal charges." (FAC, ¶ 28) Herships generally states that he was deprived of "privileges or immunities secured by the United States Constitution." (FAC, ¶ 46) Herships states he was denied his right to "compulsory service of process in the small claims case." (FAC, ¶ 47) Herships finally concludes that, "[a]t all times . . . the conduct of all the defendants (including Kirsch) . . . has deprive plaintiff of rights to Equal Protection of Law and Due Process of Law was impeded, in violation of the Fourteenth Amendment to the Constitution . . . and Title 42 U.S.C. §1983." [sic] (FAC, ¶ 49)

## IV. ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed based upon a failure to allege either a cognizable legal theory or sufficient facts under a cognizable legal claim. *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). Herships does not allege cognizable claims against Kirsch for "Violation of Civil Rights" under 42 U.S.C. §1983 or for "Conspiracy to Violate Civil Rights" under 42 U.S.C. §1983.

### A. Herships Fails to Allege a Civil Right That Has Been Violated

Herships apparently does not allege a violation of a civil right, as it is unclear that a "right to marshal a defense" in a civil case is a protected right. Even were it a protected right, it's premature for Herships to allege that a violation of any such right damaged him, or how it damaged him. And, the criminal trial has not occurred yet, so Herships can't allege violation of the "right to fair trial." For these reasons alone, Herships' claims against Kirsch should be dismissed.

### B. Herships Fails to Allege a Claim For "Violation of Civil Rights" Against Kirsch, Because He Does Not Allege That Kirsch Is a "State Actor"

§1983 of Title 43 of the United States Code allows persons to sue state actors for civil rights violations. But nongovernmental private defendants may not be held liable under

4

§1983 unless their actions were "state action" and the deprivation occurred under color of state law. *Daniel v. Ferguson*, 839 F.2d 1124 (C.A.5 (Tex.) 1988) *citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 102 S.Ct. 2744, 2747, 73 L.Ed.2d 482 (1982) and *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). Indeed, a private citizen like Kirsch may be subject to liability under §1983 only if he willfully participated in a conspiracy with the state or one of its agents. *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992), *citing Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir.1985).

A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act . . . where those persons agree to inflict an injury upon another and where there is an overt act resulting in damage. *Hampton v. Hanrahan*, 600 F.2d 600, 620-23 (7th Cir. 1979), *cert. denied*, 446 U.S. 754 (1980). Fundamentally, a civil conspiracy requires an agreement. *Kunik v. Racine County, Wis.*, 946 F.2d 1574 (7th Cir. 1991). In order to prove such a conspiracy, a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights. *Lowe v. Aldridge, et al.*, 958 F.2d 1565, 1573 (11th Cir. 1992).

Herships' second cause of action against Kirsch, for violation of "Civil Rights," does not allege that Kirsch is a state actor. Nor does Herships even generally allege an agreement or conspiracy. For these reasons, Herships' second cause of action, his claim for "Violation of Civil Rights" must be dismissed against Kirsch.

C. **Herships' Conclusory Allegations Are Insufficient to Establish a "Conspiracy to Violate Civil Rights" Against Kirsch**

In his third cause of action, Herships alleges that Kirsch conspired to violate his civil rights under §1983.

A complaint for "Conspiracy to Violate Civil Rights" must contain more than mere conclusory allegations of such a conspiracy; a factual basis for such allegations must be provided. *Bowman v. City of Franklin*, 980 F.2d at 1107, *citing Leahy v. Board of Trustees of Community College District No. 508*, 912 F.2d 917, 922 (7th Cir.1990); *see also Spear v. Town of West Hartford*, 954 F.2d 63, 68. Indeed, a civil conspiracy requires an agreement. *Kunik v. Racine County, Wis.*, 946 F.2d 1574 (7th Cir. 1991). However, Herships simply makes conclusory


allegations that Kirsch "conspired" with the other defendants. (FAC, ¶ 43). Herships fails to allege any agreement. As such, his claim for "Conspiracy to Violate Civil Rights" against Kirsch must be dismissed.

## V.     CONCLUSION

Herships' Complaint is a fabricated jumble of facts apparently calculated to allow him to leverage some advantage from defendants. But he shouldn't be allowed to continue unless he has some viable claims, which he does not.

For the reasons set forth above, Kirsch respectfully requests that Herships' claims in the FAC be dismissed with prejudice against him.

Dated:   July 18, 2008                                          REDENBACHER & BROWN, LLP

                                                                By: /s/ John C. Brown
                                                                JOHN C. BROWN
                                                                Attorneys for defendant
                                                                STEVEN T. KIRSCH

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY STEVEN T. KIRSCH TO DISMISS COMPLAINT (F.R.C.P. 12(b)(6)); C 06-CV-6644 JF/RS