Howard Herships
P.O. Box 190711
San Francisco, Ca 94119-0711
(415) 216-8470

In Pro Se

FILED
JUL 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Howard Herships,

    Plaintiff

vs

The Superior Court of California
County of Santa Clara et al.

    Defendants.

CASE No. C-06-6644 JF/RS

PLAINTIFF HERSHIPS' MOTION TO
FILE THIRD AMENDED COMPLAINT

DATE SEPT. 5, 2008
TIME: 9:00 AM
COURTROOM: 3 5TH F.

    Plaintiff Howard Herships hereby moves this Court for an order for leave to file his Third Amended complaint a copy of which is attached to this motion as Exhibit A.

    Plaintiff makes this motion at this time based upon this Court statements made at the June 27, 2008 Status Conference in this very case.

    The reasons for this Motion to file a third amended complaint as their additional

facts that merit the assertions of additional theories of violations of Federal Law that developed during the on going criminal and civil complaints brought by Defendant Steven Todd Kirsch in the Santa Clara County Superior Court.

While the there has been a dismissal of the deputy district attorneys in this case it has been discovered that said the acts of the Deputy District Attorneys are outside their official duty and have actually violated Federal Criminal Law and have conspired to violated plaintiff's federal protected constitutional rights.

Moreover, Judge Jenkins has already ruled that under the authority of **Adam vs Hawaii**, 235 F3rd 1160 (9th Cir 2000) requires that the District Court must stay all proceedings and not dismiss a civil rights complaint while the on going criminal case is still pending.

In this case the criminal case was filed on November 1, 2005 and there still no prospect for a fair trial in this case based upon the numerous illegal and unethical violations of law as stated in the both Title 42 U.S.C. Section 1983 conspiracy to violate plaintiff's federally protected rights as well as the RICO violations by the conspiracy to violate RICO by the defendants.

This case has been pending for some 34 months and still no prospect for a fair trial on the merits as the Santa Clara County Superior Court has refused compulsory service of process for a jury trial and refuses to appoint an expert witness to contest the capabilities of two purported witnesses to see facial expressions at distance in

excess of 350 feet away and done through the sides of two steel doors, which is physically impossible.

There has been no answer filed by any of the defendants in this case and leave to amend under Rule 15 favoring amendment should be granted in this case as plaintiff has shown a myriad of violations of plaintiff constitutional rights and also shown RICO violations of Federal Law by the defendants.

Dated July 30, 2008

*Howard Herships* (signature)

Howard Herships

POINTS AND AUTHORITIES

I

THIS CASE IS STILL AT THE PLEADING STAGE AND THERE NO PREJUDICE TO THE DEFENDANTS AS NO ANSWER HAS BEEN FILED BY ANY PARTIES AND PLAINTIFF'S THIRD AMENDED COMPLAINT STATES CAUSE OF ACTIONS AGAINST THE DEFENDANTS.

The case which is four square on point on this very subject matter is the case of *Adam vs Hawaii 235 F3rd 1160* (9th Cir 2000) which holds that a civil rights complaint cannot be dismissed and that the plaintiff should be able to file an amended complaint correcting any deficience in the prior complaint.

In this case the Third amended complaint does this as clearly to deprive a party of his federal rights to be represented by legal counsel and to have service of the moving papers are clearly Due Process Violations.

Moreover, to proceed with a criminal case without any prospect of ever obtaining a criminal conviction and done solely to extort money violate Due Process of Law.

WHEREFORE, plaintiff requests leave to file this Third Amended complaint under the authority of Adam vs Hawaii, supra.

Dated July 30, 2008

Howard Herships

EXHIBIT A

Howard Herships
P.O. Box 190711
San Francisco, California 94119-0711
(415) 216-8470

In Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Herships<br><br>      Plaintiff,<br><br>vs<br><br>Steven Todd Kirsch, Deputy District Attorney Mike Adams, Deputy District Attorney Pinaki Chakrvatory, Deputy District Attorney Jay Boyarsky, Deputy District Attorney Maxmilian Zarzana and Palo Alto Police Officer Carlos De Santiago, Gerald Soreson,. David Duperrault and Does 1 through 20<br><br>      Defendants. | CASE NO. C-06-6644<br><br>THIRD AMENDED COMPLAINT FOR DAMAGES FOR MALICIOUS PROSECUTION UNDER TITLE 42 U.S.C. SECTION 1983, AND SECOND CAUSE OF ACTION CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS, AND THIRD CAUSE OF ACTION FOR CIVIL RICO TITLE 18 U.S.C. SECTION 1964 ( c ) AND CONSPIRACY TO VIOLATE RICO TITLE 18 U.S.C. SECTION 1962 (d). |

JURISDICTION

1. This Court has Jurisdiction under Title 28 U.S.C. section 1343 as well as Title 42 U.S. C. Section 1983, and Title 18 U.S.C. Section 1964 ( c ) and also has pendent Jurisdiction under Pendent Jurisdiction under over State Causes of action.

PARTIES

2 Plaintiff Howard Herships at all times mentioned herein was and is a defendant in a criminal case entitled People of the State of California vs Howard Herships in Santa Clara County Superior Court case

1  number BB517233 filed on November 1, 2005 and also a defendant in Santa Clara County Superior Court
2  in case entitled Steven Kirsch vs Howard Herships filed on Oct. 25, 2005.
3      3. Defendant Steven Todd Kirsch requested the Deputy District Attorney's Office for the County
4  Santa Clara County to bring criminal charges in order to obtain an advantage so that defendant Kirsch
5  could extort money from the said defendants in the civil suit, and because the pending criminal case was
6  filed plaintiff had no way to obtain compulsory service of process for the civil case and as such prevented
7  plaintiff from calling any witnesses.
8      4. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
9  Maxmilian Zarzana agreed to do so and bring a criminal complaint and done without any propect of
10 obtaining a criminal conviction.
11     5. Defendants Gerald Sorenson and David Duperrault agreed to testify in this case on behalf of
12 defendant Kirsch as to preliminary facts which were inherently impossible to observed as the distances
13 were in excess of 350 feet away, that were e mailed to them by Kirsch prior to the any preliminary hearing
14 in this criminal case.

FIRST CAUSE OF ACTION<br>CONSPIRACY TO VIOLATE<br>PLAINTIFF CONSTITUTIONAL RIGHTS

17     6. Defendant Steve Kirsch used his political influence with both the Santa Clara County Superior
18 Court as well as the Santa Clara County District Attorneys Office to conspire with the Deputy Districts
19 Attorneys to extort money and injure plaintiff in business and employment in violation of the Hobbs
20     7. Defendant Steve Kirsch conspired with Deputy District Attorneys, Mike Adams, Jay Boyarsky,
21 Pinaki Chakrvatory and Maxmilian Zarzana , while operating under color of state law to bring criminal
22 charges against both plaintiff Herships and co/defendant Heartwell so that Defendant Kirsch could gain an
23 advantage so that defendant Kirsch could gain an advantage in the civil suit he had already filed against both
24 Herships and Heartwell in Santa Clara County Superior Court and which is in violation of Rule 5-100 (A)
25 of the State Bar Rules of Professional Conduct.
26     8. Defendants Deputy District Attorneys, Mike Adams, Jay Boyarsky, Pinaki Chakrvatory and
27 Maxmilian Zarzana then agreed to said conspiracy with Defendant Kirsch to deprive plaintiff Herships of
28 Constitutional rights by presenting a request to Santa Clara County Superior Court Judge Rise J Pichon

1  for issuance of felony arrest warrant on Nov. 1, 2005 knowing fully well that Judge Pichon had extensive
2  involvement with the Kirsch Foundation through Judge Pichon's relationship with Martha Kanter who was
3  the Secretary to the Kirsch Foundation and its Board Member and who also was Judge Pichon's husband
4  direct supervisor at De Anza College. These acts violated plaintiff's Herships rights to a neutral magistrate
5  to review any issuance of an arrest warrant.

6  9. Judge Pichon then on January 18, 2006, in the criminal case number BB517233 at the request
7  of the Defendant Deputy District Attorney Jay Boyarsky, in furtherance of this conspiracy requested that
8  the felony charges against plaintiff's co/defendant Katrina Heartwell be reduced to a misdemeanor and then
9  to permit defendant Kirsch to enter into a civil compromise with co/defendant Heartwell and to obtain a
10 dismissal of all criminal charges.

11 10 That all times mentioned herein on January 18, 2006 in criminal case number BB517233
12 Herships was not represented by legal counsel and had not waived legal counsel and had never been
13 served any moving papers and still Judge Pichon permitted the proceedings to proceed in violation of
14 Plaintiff Herships federally protected rights and dismissed co/defendant Heartwell as a defendant in the
15 criminal case.

16 11. Defendant Kirsch in support of said civil compromise under California Penal Code Sections
17 1377-1379 signed a declaration under penalty of perjury that he (Kirsch) had been fully satisfied criminal
18 defendant Katrina Heartwell and then Judge Pichon dismissed all criminal charges as to Heartwell on

19 12. Defendant Deputy District Attorneys Maxmilian Zarzana and Pinaki Chakrvatory and in further
20 conspiracy with defendant Kirsch, at all times hereafter the dismissal of Heartwell as a criminal defendant
21 proceeded with the criminal prosecution against plaintiff Herships knowing full well that there was absolutely
22 no prospect of obtaining a criminal conviction in this case.

23 13. Defendant District Attorney Pinaki Chakrvatory in further conspiracy with defendant Kirsch
24 offered to plaintiff Herships in open court that the very same deal that was given to co/defendant Heartwell
25 is offered to Herships.

26 14. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
27 Maxmilian Zarzana deal that was offered to Heartwell required Heartwell to pay defendant Kirsch
28 $20,000.00 in order to require a dismissal of all criminal charges and this same deal was at all times open

- 3 -

1  to plaintiff Herships herein could obtain a dismissal of all criminal charges upon payment of $20,000.00
2  which is extortion in violation of the Hobbs Act and Rule 5-100 (A) of the Rules of Professional Conduct.
3      15. Defendant Kirsch even after obtaining payment from Heartwell and acknowledgment in the
4  criminal case that he was fully satisfied by Heartwell for all claims that Kirsch had against Heartwell,
5  defendant Kirsch never filed a satisfaction of judgment into the Santa Clara County Superior Court in case
6  number 02-05-SC0288 and as such there is still an outstanding judgment against Heartwell..
7      16. Defendant Kirsch in furtherance of the conspiracy with Defendants Deputy District Attorneys,
8  Mike Adams, Jay Boyarsky, Pinaki Chakrvatory and Maxmilian Zarzana and done to obtain an advantage
9  in the civil case against plaintiff Herships, by filing the criminal case defendant Kirsch knew full well that
10  Herships would not be able to obtain witnesses on his behalf as by maintaining a criminal case then the
11  criminal defendant would not be able to obtain compulsory service of process to call witnesses at trial in
12  the civil case and as being a small claims case as well there was no appeal of right.
13      17. Defendants tactics in prosecution of the criminal case against Herships was an orchestrated
14  attempt by Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory ,
15  Maxmilian Zarzana effort to make plaintiff Herships plead out and done to extort money from plaintiff
16  Herships on behalf of defendant Kirsch.
17      18. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
18  Maxmilian Zarzana also permitted defendant Kirsch to E mail to defendants Soerson and Duppraul just
19  what defendant Kirsch wanted them to testify to at the Preliminary hearing in the criminal case.
20      19. Plaintiff Herships discovered in Oct. 2006, of the connection between defendant Kirsch and
21  Judge Pichon and when plaintiff Herships addressed the problem that plaintiff herein had with said
22  connection Judge Pichon informed plaintiff that it was his duty to investigate it and the Judge had no duty
23  to disclose.
24      20 Plaintiff as a direct result of said refusal to disclose by Judge Pichon plaintiff filed a "statement
25  of disqualification " which Judge Pichon disqualified herself and stuck all orders issued in the case
26      21. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
27  Maxmilian Zarzana have and are prosecuting this criminal case and done with no prospect of ever obtaining
28  a criminal conviction was the record clearly shows that defendants Sorenson and Duperrault in furtherance

- 4 -

of this conspiracy testified that they could see the left hand side of Kirsch car when in fact the Kirsch's car was not in their direct view and was some 350 feet away and at said distances a party loses all facial recognition.

22. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory Maxmilian Zarzana sole purpose in maintaining a criminal prosecution for some 34 months is to protect defendant Steve Kirsch and allow him to extort money and to deprive plaintiff of his federally protected rights to fair and speedy trial on the merits in both the criminal case and the civil complaint.

23. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory Maxmilian Zarzana agreed to do these acts on behalf of defendant Steve Kirsch based upon political influence that defendant Kirsch asserts over both the District Attorney's Office and the Superior Cour

SECOND CAUSE OF ACTION
CONSPIRACY TO VIOLATE RICO
TITLE 18 U.S.C. § 1962 (d)

24. Plaintiff realleges paragraphs 1-23 of the first cause of action into this second cause of action or a conspiracy to violate RICO.

25. Defendant Kirsch sough and conspired with Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory and Maxmilian Zarzana on going to this day under color of official right as prosecutors in Santa Clara County and done solely to extort money under threats of the ongoing criminal prosecution in violation of Title 18 U.S.C. Section 1951 (2).

26. Defendant Kirsch entered into a enterprise association with the Santa Clara County District Attorneys Office to co-operate in bring a criminal complaint against plaintiff Herships and done in furtherance extort money from plaintiff Herships and injured plaintiff in business by using the Santa Clara County District Attorney's Office under color o official right which are predicated acts under RICO pursuant to Title 18 U.S.C. Section 1961.

27. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory Maxmilian Zarzana at all times mentioned herein used their position as Deputy District Attorney for the County of Santa Clara while under color of official right to force plaintiff Herships to make payments to defendant Kirsch for damages to his car when in fact defendant Kirsch has already been fully satisfied by Heartwell and still persist in bring criminal charges and done with no prospect for any conviction in the

1 | criminal case.

2 |     28. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
3 | Maxmilian Zarzana at all times were knew and agreed to continue to agree to make offers to plaintiff
4 | Herships of just pay defendant Kirsch money for the damages caused by Hearwell and the criminal case
5 | will go away.

6 |     29. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
7 | Maxmilian Zarzana agreed to bring the criminal case against plaintiff and done solely so that defendant
8 | Kirsch could obtain an advantage in a civil suit and done solely for the purposes of extortion in violation
9 | of California Rules of Professional Conduct Rule 5-100 (A), as the California Supreme Court has classified
10 | said conduct as extortion.

11 |     30. In fact Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
12 | and Maxmilian Zarzana have at all times permitted Kirsch to enter into said civil compromise with
13 | co/defendant Heartwell and all criminal charges have been dismissed upon payment of $20,000.00 and
14 | which is actually a criminal violation of California law, i.e. compounding ( Penal Code Section 153.)

15 |     31. Plaintiff has been injured by reason of these racketeering activities of defendants herein as
16 | plaintiff has made numerous court appearances over the last 34 months and has spend money to do so and
17 | has been denied any and every opportunity to start a business activities by reason of the continuing
18 | violations of plaintiff rights by all of the defendants subject to proof.

19 |     32. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
20 | Maxmilian Zarzana manage the affairs of the enterprise between the District Attorneys Office of Santa
21 | Clara County and as such have maintained and continue to maintain the prosecution of a criminal case
22 | under official rights and done sole to extort money from plaintiff for defendant Kirsch.

23 |     33. Defendant Deputy District Attorneys Mike Adams, Jay Boyarsky, Pinaki Chakrvatory
24 | Maxmilian Zarzana agreed to do these acts of extort money on behalf of Kirsch based upon the influence
25 | that Kirsch gives out numerous grants to various Santa Clara County entities through his foundation the
26 | Kirsch Foundation.

27
28

1       WHEREFORE, plaintiff requests judgment against defendants for this conspiracy to violate
2 plaintiff's constitutional rights and conspiracy to violate RICO.
3      1. For the willful violation of Plaintiff Constitutional Rights
4      2. For damages property and business subject to proof under RICO
5      3. For Three Fold Damages pursuant to Title 18 U.S.C. Section 1964 ( c )
6      4. For the Cost of this action
7      5. For such further relief as this Court deems just.

Dated July 30, 2008                               _____

                              Howard Herships

PROOF OF SERVICE BY MAIL

I DECLARE AS FOLLOWS:

I AM NOT A PARTY TO THE WITHIN ACTION:

That I reside in the State of California.

That I placed a true and correct copy of the Motion Leave to File Third Amended Complaint and Opposition to Defendant Steve Kirsch Motion to Dismiss in a sealed envelops addressed as follows:

John C Brown
Redenbacher & Brown LLP
580 California St Ste 1600
San Francisco, CA 94104

Santa Clara County Counsel
John Winchester
71 West Hedding 9th Floor
East Wing
San Jose Ca 95110

I then deposited the said envelops in the U.S. Mail Box on July 31, 2008 in San Francisco, California with first class postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that all of the foregoing is true and correct.

Dated July 31, 2008