STEVEN T. KIRSCH
13930 La Paloma Road
Los Altos Hills, CA 94022
Phone: (650) 941-0248
Facsimile: (408) 716-2493
Email address: stk@propel.com
*In pro per*

JOHN C. BROWN (State Bar # 195804)
Redenbacher & Brown, LLP
580 California Street, Suite 1600
San Francisco, California 94104
Phone: (415) 409-8600
Facsimile: (415) 520-0141
Email: jbrown@redbrownlaw.com

Attorneys for Defendant, STEVEN T. KIRSCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA COUNTY OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No.: C 06-CV-6644 JF/RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY STEVEN T. KIRSCH TO DISMISS COMPLAINT (28 U.S.C. §1915(e)(2)(B))**<br><br>Date of Motion: September 5, 2008<br>Time of Motion: 9:00 a.m.<br>Ctrm: #3, 5th Floor<br>Judge: The Hon. Jeremy Fogel<br>Case Filed: October 25, 2006<br>Trial date: None |

1

## I. INTRODUCTION

Defendant Steven T. Kirsch brings this motion to dismiss the claims of plaintiff Howard Herships based on the fact that Herships' action is a frivolous *in forma pauperis* action.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Is Herships' *in forma pauperis* action frivolous such that it should be dismissed per 28 U.S.C. §1915(e)(2)(B)?

## III. STATEMENT OF ALLEGED FACTS

Herships filed his Complaint on October 25, 2006, along with a Motion for Leave to Proceed *in forma pauperis*. (Docket numbers 1, 2) The Hon. Martin J. Jenkins granted Herships' motion on December 11, 2006. (Docket number 11)

The crux of Herships' claims is that Kirsch conspired with four Santa Clara County district attorneys[1] to prosecute a criminal case against Herships without probable cause and to deprive Herships of liberty and property without due process of law, so that Kirsch could obtain an advantage in a civil suit (FAC, ¶ 33, 37).

Herships recently requested that he be allowed to file a Third Amended Complaint alleging the same tired facts and arguments.

## IV. ARGUMENT

A district court is *required* to dismiss "at any time" *in forma pauperis* complaints (either *sua sponte* or on defendant's motion) if it determines the action is frivolous. 28 U.S.C. §1915(e)(2)(B).

The court *need not accept as true* factual allegations in *in forma pauperis* complaints. It may reject "completely baseless" allegations, including those which the court finds "fanciful," "fantastic," or "delusional." *Denton v. Hernandez* (1992) 504 U.S. 25, 32.

---

[1] The district attorneys were dismissed by order of The Hon. Martin J. Jenkins on August 16, 2007, docket number 58.

**A.    Herships' Claims Are Frivolous**

Herships, who has been declared a vexatious litigant by the California courts, filed this case after Kirsch filed a police report based on the keying of his car. For filing this police report and cooperating with the police and district attorney, Kirsch is accused of conspiring to violate Herships' civil rights. But Herships' claim that Kirsch conspired with eight persons to prosecute a criminal case against Herships without probable cause and to deprive him of liberty and property without due process of law, so that Kirsch could obtain an advantage in a small claims suit for his damages, is completely baseless.

First, Herships does not explain exactly which civil right(s) Kirsch conspired to violate. It cannot be the right to a fair trial, because the criminal trial hasn't been held. It cannot be the right to counsel, because Herships was given counsel by the court at his request. So what right was violated that gives rise to this complaint?

More importantly for this motion, Herships' theory as to how and why Kirsch violated his purported rights is completely baseless. Herships simply speculates a fanciful scenario that did not occur and that could not have occurred so that he can bring this baseless, extortionate action. Herships does not explain any credible motive for Kirsch, a police officer, two witnesses, four district attorneys, and a superior court judge to conspire to violate his rights. If we are to believe Herships, we have to believe that all of these persons agreed to deprive an indigent man of his civil rights. Why would they do this? What do all of them have to gain? And why would all of these people suddenly decide, all at the same moment in time, to go after Herships?

Herships claims this was done to extort reimbursement for Kirsch's damages from him. But Herships has no money (he filed *in forma pauperis*). And Herships does not even allege that Kirsch asked him for money. Moreover, Kirsch sued Herships for damage to his vehicle in small claims court and, based on a police report that quoted two eyewitnesses to the incident, Kirsch obtained a judgment against Herships for the amount of that damage. Herships appealed, and then he lost again on appeal. Therefore, the courts have already held that Herships was civilly liable for the damage. The idea that Kirsch and several others conspired to give him the additional leverage to collect this small amount of money is facially preposterous, as is the entire extortion

3

argument.

The rest of the allegations describe a similarly outlandish scenario without any factual or evidentiary basis. For example, Herships' allegations describe a procedure that exists only in his mind. When a police report is filed, the officer taking the police report makes a decision as to whether to refer the incident to the District Attorney's office for prosecution. That is always an independent determination of the police officer, who must weigh the evidence he independently obtains. The police officer independently determined the evidence was sufficient for referral to the district attorneys' office for prosecution as a felony, resulting in a warrant for Herships' arrest. Kirsch could not have had any control over the matter after making the police report, and Herships has no evidence but pure conjecture that a conspiracy occurred.

Simply stated, Herships' whole conspiracy theory is fanciful, fantastic, and delusional. Defendants did not enter into a conspiracy to deprive Herships of his civil rights in order to help Kirsch extort him. Rather, Herships is attempting to extort defendants. Indeed, Herships has a practice of filing such baseless extortionate actions. As just one example, Herships filed another *in forma pauperis* action in this Court in May 2007 against Foster City, a Foster City police officer, the Foster City Police Department, and two towing companies in which he made similar claims, including "Violations of Civil Rights" under 42 U.S.C. §1983. *See*, Kirsch's Request for Judicial Notice, served and filed herewith. The United States Supreme Court explained in *Denton v. Hernandez* that these types of *in forma pauperis* cases should not be allowed to proceed.

V.  **CONCLUSION**

For the reasons set forth above, Kirsch respectfully requests that Herships' claims be dismissed with prejudice against him.

Dated:   August 1, 2008                REDENBACHER & BROWN, LLP

By: *John C. Brown*
JOHN C. BROWN
Attorneys for defendant
STEVEN T. KIRSCH

4