STEVEN T. KIRSCH
13930 La Paloma Road
Los Altos Hills, CA 94022
Phone: (650) 941-0248
Facsimile: (408) 716-2493
Email address: stk@propel.com
*In pro per*

JOHN C. BROWN (State Bar # 195804)
Redenbacher & Brown, LLP
580 California Street, Suite 1600
San Francisco, California 94104
Phone: (415) 409-8600
Facsimile: (415) 520-0141
Email: jbrown@redbrownlaw.com

Attorneys for Defendant, STEVEN T. KIRSCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>         Plaintiff,<br><br>vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA COUNTY OF CALIFORNIA, *et al.*,<br><br>         Defendants. | Case No.: C 06-CV-6644 JF/RS<br><br>**KIRSCH'S REQUEST TO TAKE JUDICIAL NOTICE, FILED IN SUPPORT OF HIS MOTION TO DISMISS, OF THE FILING BY HOWARD HERSHIPS OF THE COMPLAINT ATTACHED AS EXHIBIT 1**<br><br>Date of Motion: September 5, 2008<br>Time of Motion: 9:00 a.m.<br>Ctrm: #3, 5th Floor<br>Judge: The Hon. Jeremy Fogel<br>Case Filed: October 25, 2006<br>Trial date: None |

1

KIRSCH'S REQUEST TO TAKE JUDICIAL NOTICE, FILED IN SUPPORT OF HIS MOTION TO DISMISS, OF THE FILING BY HOWARD HERSHIPS OF THE COMPLAINT ATTACHED AS EXHIBIT 1; C 06-CV-6644 JF/RS

1

2    Defendant Steven T. Kirsch requests that the Court take judicial notice of the filing by

3    Howard Herships of the attached Complaint in this Court on May 7, 2007.

4

5    Dated:   August 1, 2008                                REDENBACHER & BROWN, LLP

6                                                          By: *John C. Brown*

7                                                          JOHN C. BROWN
                                                           Attorneys for defendant
8                                                          STEVEN T. KIRSCH

2

KIRSCH'S REQUEST TO TAKE JUDICIAL NOTICE, FILED IN SUPPORT OF HIS MOTION TO DISMISS, OF THE
FILING BY HOWARD HERSHIPS OF THE COMPLAINT ATTACHED AS EXHIBIT 1; C 06-CV-6644 JF/RS

# EXHIBIT 1

```
Howard Herships
P.O. Box 190711
San Francisco, Ca 94119-0711
415 216- 8470

In Pro Se
```



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Howard Herships

    Plaintiff,

v.

Foster City Police Officer Sealy,
Foster City, Foster City Police Dept.
Palm Avenue Towing (DBA),
Los Prados Towing and Does 1 thru
30 inclusive.

    Defendants.

CIVIL NO. C 07 2425 JCS

CIVIL RIGHTS COMPLAINT FIRST CAUSE OF ACTION TRO PURSUANT TO F.R.C.P. RULE 65 (a) SECOND CAUSE OF ACTION FOR PRELIMINARY INJUNCTION THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT FOURTH CAUSE OF VIOLATION OF TITLE 42 U.S.C. § 1983 FOR ACTUAL DAMAGES AND PUNITIVE DAMAGES

COMPLAINT

1. This a civil rights suit for a TRO, Injunctive relief and declaratory judgment as well as damages for depriving plaintiff of his property without Due Process of Law.

JURISDICTION

2. The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343 (a) (3) (a) (4) as well as 28 U.S.C. §§ 2201 & 2202 and Title 42 U.S.C. § 1983.

PARTIES

3. Plaintiff herein is the owner of a vehicle WVWCA0154hk005027 .

4. Defendants Foster City Police Department, the City of Foster City as well as defendant Police Officer Sealy 's conduct of official policy, custom, or practice to tow cars without probable cause and refuse to give timely tow hearings.

*Civil Rights Complaint for TRO, Preliminary Injunction and Actual Damages and Punitive Damages*

5. Defendant Palm Avenue Towing was at all times operating under the authority of the City of Foster City Police Department to tow vehicles and as such are operating under color of state law, the form of this business is unknown as the Palm Avenue Towing located in City of San Mateo and the County of San Mateo has no valid business License or DBA on file with the County of San Mateo.

FIRST CAUSE OF ACTION
TEMPORARY RESTRAINING ORDER

6. Defendants towed plaintiff car and never issued any notice of any violation and at all times refused to provide a timely tow hearing even after requesting the same.

7. Plaintiff's car was towed and done without issuance of any ticket or violation issued by defendants.

8. Defendants City of Foster City's practices, policy and custom is that they have no procedure to provide any timely tow hearings as this is not just an isolated incident as there are numerous incidents of people being deprived of their property without Due Process of Law.

9. Defendant City of Foster City permits Defendant Palm Avenue Towing to operate without either a Business License and a DBA and on other occasions to hold lien sales which were prohibited by Court Order.

10. Defendants have started proceedings to hold a lien sale when in fact the Defendants have never provided plaintiff with a tow hearing.

11. Defendants tactics are their practices, custom and policy is to routinely deprive parties of their property without Due Process of Law.

12. Plaintiff vehicle is currently being held in the possession of Palm Avenue Towing and who refuses to release the vehicle to plaintiff even after plaintiff obtained a release issues by the Foster City Police Department.

13. Defendant Police Officer Seealy had no probable cause to stop detain plaintiff herein and never issued any ticket to plaintiff showing that stop and detain plaintiff was illegal.

14. Plaintiff has no other remedy to prevent the pending lien sale of plaintiff's vehicle then this TRO as defendant Palm Avenue Towing has every intentions of holding a lien sale and

1  done without ever affording a tow hearing and as such plaintiff will be deprived of his property
2  without Due Process of Law in violation of the 14th Amendment.
3       15. Plaintiff herein requests that this Court issue a TRO stopping lien sale and releasing
4  plaintiff's vehicle to plaintiff herein.

## SECOND CAUSE OF ACTION
## INJUNCTIVE AND DECLARATORY RELIEF

7       16. Plaintiff repeats and realleges paragraphs 1 through 15 in this Second cause of action
8  for injunctive and declaratory relief.
9       17. Defendants conduct herein in towing a vehicle without issuance of notice of any violation
10 of the California Vehicle Code and never providing any Tow Hearing in a timely manner violates
11 the standings Order of the U.S. District Court for the Northern District Court of California.
12      18. Defendants conduct in this case are routine practices of the Foster City Police Department
13 and done to deprive plaintiff of his property without Due Process of Law.
14      19. Defendants Palm Avenue Towing has no business license to operate by the City of San
15 Mateo nor does the Defendant Palm Avenue Towing has a DBA on file with the County of San
16 Mateo Recorder's Office.
17      20. Defendant Palm Avenue Towing has at all times operate under the authority of the
18 Foster City Police Department authority and have refused to release plaintiff's vehicle even after a
19 release was issued by the Foster City Police Department.
20      21. Defendant Foster City Police Department routinely and at all time mentioned herein
21 refused to provide plaintiff a timely tow hearing.
22      22. Defendant Palm Avenue Towing refused to honor the release of plaintiff's vehicle issued
23 by the Foster City Police Department.
24      23. Defendants' practices violate the plaintiff's federal constitutional rights and these
25 practices are ongoing by defendants.
26      24. Plaintiff requests that this Court declare that these practices of towing a vehicle without
27 providing a timely tow hearing is violation of the 14th Amendment to the United States Constitution
28 as it deprives a party of their property without Due Process of Law.

## THIRD CAUSE OF ACTION
## DAMAGES FOR VIOLATION OF CIVIL RIGHTS

25. Plaintiff realleges ¶ 1-15 of the First Cause of action into this Third Cause of Action for actual damages.

26. Plaintiff realleges ¶ 16-24 of the Second Cause of action into this Third Cause of action for actual damages.

27 Defendants acts of depriving plaintiff of his property without providing a tow hearing has injured plaintiff.

28. Defendants acts are done willfully with malice and forethought to injure plaintiff as said towing hearings are required by both statutory law and Court decisions and still defendants refused at all times to provide a tow hearing.

30 Plaintiff has been injured by the these illegal acts of defendants herein and as such plaintiff is entitled to punitive damages.

WHEREFORE, plaintiff requests judgment as follows:

1. For a TRO stopping any lien sale of plaintiff's vehicle;

2. For an Injunction against defendants requiring then to provide timely tow hearings for all cars towed.

3. For actual damages as results form the illegal activities of the Foster City and the Foster City Police Department.

4. For punitive damages for willful and malice acts of defendants

5. For the Costs and attorneys Fees in bring this action.

6. For such other relief that this Court deems proper and just.

Dated May 7, 2007

_____

Howard Herships

4