\*\*E-Filed 2/6/09\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HOWARD HERSHIPS,<br><br>                Plaintiff,<br><br>    v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY, et al.,<br><br>                Defendants. | Case Number C 06-6644 JF (RS)<br><br>**ORDER[1] GRANTING MOTION TO DISMISS**<br><br>RE: Docket Nos. 85, 90, 91 |

## I. BACKGROUND

In this § 1983 action, Plaintiff Howard Herships ("Herships") alleges that Defendant Steven T. Kirsch ("Kirsch"), a wealthy philanthropist, conspired with four Santa Clara County Deputy District Attorneys (collectively, "Defendants") to violate Herships' civil rights. Herships seeks monetary damages against Kirsch for his alleged role in initiating a baseless criminal action and soliciting false accusations against him. On October 25, 2005, Kirsch sued

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 06-6644 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC3)

1   Herships in the small claims division of the Santa Clara Superior Court for allegedly vandalizing
2   Kirsch's automobile. On November 1, 2005, a criminal action based on the same facts was filed
3   against Herships in the Santa Clara Superior Court. Herships alleges that the criminal action
4   was brought without probable cause and was solely the result of a conspiracy designed by
5   Kirsch to impair Herships' ability to defend himself in the small claims action. Herships seeks
6   monetary damages for Kirsch's alleged role in initiating the purportedly baseless criminal action
7   and soliciting false accusations against him in connection therewith.
8         Kirsch moves to dismiss the claims against him pursuant to Federal Rule of Civil
9   Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), which governs actions instituted by a party
10  proceeding *in forma pauperis*. Because of its relationship to the criminal proceeding, the instant
11  action was stayed on August 16, 2007 pending termination of the criminal proceedings. On
12  December 17, 2008, the jury in the criminal action returned a guilty verdict, which Herships has
13  appealed. Accordingly, Kirsch also now argues for dismissal under the rule of *Heck v.*
14  *Humphrey*, 512 U.S. 477 (1994), which bars civil rights actions in which a judgment for the
15  plaintiff necessarily would impugn the validity of a criminal conviction that has not been
16  reversed on appeal or otherwise called into question. *Id*. at 486-87.

## II. LEGAL STANDARDS

18        A complaint may be dismissed for failure to state a claim upon which relief may be
19  granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts
20  under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34
21  (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the
22  complaint are taken as true and construed in the light most favorable to the nonmoving party.
23  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be
24  dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his
25  claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. In addition, leave to amend must
26  be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.
27  *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Conversely, dismissal may be
28  ordered with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th

Cir. 1996).

A district court is required to dismiss "at any time" an *in forma pauperis* complaint that is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B). The court need not accept as true factual allegations in an *in forma pauperis* complaint. It may reject "completely baseless" allegations, including those which the court finds "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### III. DISCUSSION

Kirsch argues that Herships' action is barred in its entirety by the Supreme Court's holding in *Heck v. Humphrey*, where the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994). As the Ninth Circuit has explained, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). "[T]he relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (*en banc*). The Court therefore must determine whether proof of any of the collateral civil rights claims necessarily would contradict facts established by the prior conviction.

In the instant case, Herships alleges that he was the victim of a conspiracy by Kirsch, four prosecutors, and the judge in his criminal action. Herships claims that the criminal action was meritless and was initiated on the basis of perjured testimony and without probable cause. Herships also claims that the trial judge's alleged bias constituted a deprivation of procedural due process. If proved, each of these allegations necessarily would imply the invalidity of Herships' conviction in the Superior Court for vandalizing Kirsch's car. *See Heck*, 512 U.S. at

486-87; *see also Trice v. Modesto City Police Dep't*, No. 1:08-cv-01891-AWI, 2009 WL 102712 (E.D. Cal. Jan. 14, 2009) (holding that claim of fraudulent or fabricated evidence, prosecutorial misconduct, or violations of plaintiff's right to counsel are barred by *Heck*); *Harris v. State of California*, Civ. No. 07-1406 BTM, 2008 WL 595880, at *2-4 (S.D. Cal. March 3, 2008) (holding that allegations of prosecutorial conduct, "clear misconduct" by the judge, and other "grave unfairness" in criminal proceedings were barred by *Heck*). Because Herships' conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, it must be dismissed. Accordingly, the Court will not reach Kirsch's other arguments for dismissal.

## IV. DISPOSITION

Good cause therefore appearing, Kirsch's motion to dismiss will be granted. Dismissal will be without leave to amend but also "without prejudice so that [Herships] may reassert his claims if he ever succeeds in invalidating his conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

**IT IS SO ORDERED.**

DATED: 2/6/09

JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Donald Alan Larkin   Donald.Larkin@cityofpaloalto.org, Janet.Billups@cityofpaloalto.org

3  John Calvin Brown , III   jbrown@redbrownlaw.com

4  John P. Devine   john.devine@doj.ca.gov

5  Kevin Hammon   kevin.hammon@cco.sccgov.org, cathy.grijalva@cco.sccgov.org

6  5:06-cv-6644 Notice has been delivered by other means to:

7  Howard Herships
   P.O. Box 190711
8  San Francisco, CA 94119-0711

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 06-6644 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC3)